Sean F. Kane (SK 4568)
DRAKEFORD & KANE LLC
475 Park Avenue South
15th Floor
New York, New York 10016
(212) 696-0010
Attorneys for GeoGlobal Partners, LLC,
as a Shareholder of Peaktop Technologies (USA), Inc.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

IN RE PEAKTOP TECHNOLOGIES (USA), INC.
SHAREHOLDER DERIVATIVE LITIGATION

                   Plaintiff,

     v.

Peaktop International Holdings Limited, and
SRG Group (a/k/a or d/b/a/ SRG Gifts), and :
Mr. Chun Kuei Lin, Individually, and as CEO and
Chairman of Peaktop International Holdings Ltd, and as
Director of Peaktop Technologies (USA), Inc., and as :
Director and Officer of SRG Group, and as
Director and Officer of SRG Gifts, and
Mr. Vincent Wei Hung Lin, Individually, and as :
Director and Officer of SRG Group, and as
Director and Officer of SRG Gifts, and
Mr. Mike Wu, Individually, and as
Director of Peaktop Technologies (USA), Inc., and :
Mr. Chun-Hui Huang, Individually, and as
Director of Peaktop Technologies (USA). Inc.

                Defendants.        :
----------------------------------------------------------------------x

Case No. 06 CV 8228

JUDGE RAKOFF

### VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Plaintiff, by its attorneys, allege for its Verified Shareholder Derivative Complaint, upon personal knowledge as to itself and its own acts, and as to all other matters upon information and belief based upon, *inter alia*, the investigation made by and through its attorneys, as follows:

## I. NATURE OF THE ACTION

1.    The misconduct alleged against Defendants Peaktop International Holdings Limited arose from a September 14, 2006 letter sent by its Chairman and CEO to the customers of Peaktop Technologies (USA), Inc. ("PTTUSA") in an attempt to convert its highly valuable vendor contacts, vendor numbers, purchase orders and/or contracts for the benefit of Peaktop International Holdings Limited and its related entities, which led to Peaktop Technologies (USA), Inc.'s loss of numerous valuable accounts.

2.    The misconduct alleged against Defendants Silk Road Group (a/k/a or d/b/a/ Silk Road Gifts) and Mr. Vincent Wei Hung Lin, as Director and Officer of SRG Group, arose from their tortious interference with the contracts and economic opportunity of Peaktop Technologies (USA), Inc.

3.    The misconduct alleged against Chun Kuei Lin, individually and as Chairman and CEO of Peaktop International Holdings Limited also rose from his letter, and the attempt to convert highly valuable vendor contacts, vendor numbers purchase orders and/or contracts to the damage and detriment of Peaktop Technologies (USA), Inc.

4.    The misconduct alleged against Defendants Mike Wu and Chun-Hui Huang, as Directors of Peaktop Technologies (USA), Inc., arose from their breach of their fiduciary duties and conflict of interest as Directors by failing to prevent Chun Kuei Lin from diverting or canceling potential or received purchase orders due to Peaktop Technologies (USA), Inc.

## II. INTRODUCTION

5.      This is a derivative action brought by Geoglobal Partners, LLC, ("Geoglobal") the majority shareholder of Peaktop Technologies (USA), Inc. ("PTTUSA" or the "Company"), on behalf of the Company to redress systemic wrongdoing that occurred within PTTUSA over the past few months.

6.      The misconduct alleged against the Defendants arose from certain members of the Board of Director's aggressive and deliberate usurpation of corporate opportunity for their own purposes.

7.      Although contemporaneous sources had sounded unmistakable warnings that the above-referenced actions were detrimental to the Company, certain members of the Board intentionally, recklessly and wantonly failed to cease its wrongful damaging actions.

8.      The conduct of the Board represents a wholesale abandonment of the critical management oversight function directors are obligated to ensure.  Despite facts brought to the Board's attention, and despite its independent obligation to do so, the Board failed to ensure the effective implementation of the most basic systems designed to ferret out the wrongdoing involved.  The Board recklessly permitted the endemic misconduct described herein to continue despite its clear and unequivocal power and obligation to halt it.

9.      Through this action, the stockholders of the Company, and, thus, PTTUSA, seek to hold the Director Defendants liable for the wholesale wrongdoing that infiltrated the Company.  Because of the wrongful conduct alleged herein, the Nominal Plaintiff has been damaged.  As part of the relief requested, Plaintiff demands the

infusion of substantial amounts of cash to compensate the Company for the harm the Director Defendants' intentional, reckless, or bad faith misconduct caused, the implementation of an effective system of internal controls, and a restructuring of the Board.

## III. JURISDICTION AND VENUE

10.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different States.  Moreover, the Court has jurisdiction of this action pursuant to 28 U.S.C. 1331 as the action deals with a federal question.  Additionally, the Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.  This action was not brought collusively to confer jurisdiction on a court of the United States that it would not otherwise have.

11.    Venue is proper in this District pursuant to 28 U.S.C. 1391, among other things, because the Company is incorporated and located in this District and because a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of the property that is subject of the action is located in the District.

## IV. THE PARTIES

### Nominal Plaintiff

12.    Plaintiff, GeoGlobal Partners, LLC, is a New Jersey limited liability company with its principal place of business at 111 Corporate Drive, Suite H, South Plainfield, New Jersey 07080, at all relevant times GeoGlobal was, and still is, the majority owner of stock in the Company.

**Nominal Defendant**

13.    At all relevant times herein, PTTUSA was, and still is, a corporation organized and existing under and by virtue of the laws of the State of New York.

**Defendants**

14.    Upon information and belief, at all times relevant and material herein, Defendant Peaktop International Holdings Limited ("PT Holdings") was, and still is, a corporation organized and existing under and by virtue of the laws of Bermuda.  PT Holdings, along with its direct wholly owned subsidiary Peaktop Investment Holdings (B.V.I.) Limited ("PT BVI"), a company incorporated in the British Virgin Islands, together with other subsidiaries and subcontractors (the "Peaktop Group"), is engaged in the design and manufacture of home and garden decorative products for markets in North America and Europe.  Also upon information and belief, PT Holdings has conducted business in this District, has committed the wrongful acts alleged herein and, therefore, is subject to the jurisdiction of this Court.  Furthermore, upon information and belief, at all times relevant and material herein, Defendant PT Holdings was, and is, owned, operated and/or controlled by Defendant Chun Kuei Lin, in his individual capacity.

15.    Upon information and belief, at all times relevant and material herein, Defendant Silk Road Group (a/k/a or d/b/a Silk Road Gifts) ("SRG"), was, and still is, a corporation organized and existing under and by virtue of the laws of New Jersey.  Also upon information and belief, SRG, has conducted business in this District and has committed the wrongful acts alleged herein and therefore, is subject to the jurisdiction of this Court.  Furthermore, upon information and belief, at all times relevant and material herein, Defendant SRG was, and is, owned, operated and/or controlled by Defendants

Chun Kuei Lin and Vincent Wei Hung Lin, either collectively or by one of them in his individual capacity.

16.     Upon information and belief, at all times relevant and material herein, Defendant Chun Kuei Lin was, and still is, a citizen and/or resident of Taiwan, Republic of China ("Taiwan") or the People's Republic of China ("China").  At all times relevant and material herein, Chun Kuei Lin transacted and transacts business within this District and has committed the wrongful acts alleged herein, and, therefore, is subject to the jurisdiction of this Court.  Chun Kuei Lin has been, and still is the Chief Executive Officer and Chairman of the Board of Directors of Peaktop International Holdings Limited, a Director of PTTUSA, and, upon information and belief, is a Director and Officer of SRG.

17.     Upon information and belief, at all times relevant and material herein, Defendant Vincent Wei Hung Lin was, and still is, a citizen of Taiwan or China, and is a resident of the State of New Jersey.  At all times relevant and material herein, Vincent Wei Hung Lin transacted and transacts business within this District and has committed the wrongful acts alleged herein, and, therefore, is subject to the jurisdiction of this Court. Vincent Wei Hung Lin is a Director and Officer of SRG.

18.     Upon information and belief, at all times relevant and material herein, Defendant Mike Wu was, and still is, a citizen and resident of the Hong Kong Special Administrative Region of China ("Hong Kong"), Taiwan, or China.  At all times relevant and material herein, Mike Wu transacted and transacts business within this District and has committed the wrongful acts alleged herein and therefore, is subject to the jurisdiction of this Court.  Mike Wu is a Director of PTTUSA.  Upon information and

belief, Mike Wu is also the sole Director of Big Money Investments Limited ("Big Money"), a company incorporated in the British Virgin Islands. Big Money holds thirty (30%) percent of the issued and outstanding shares of stock in PTTUSA.

19.    Upon information and belief, at all times relevant and material herein, Defendant Chun-Hui Huang was, and still is, a citizen and resident of Hong Kong, Taiwan, or China. At all times relevant and material herein, Chun-Hui Huang transacted and transacts business within this District and has committed the wrongful acts alleged herein and therefore, is subject to the jurisdiction of this Court. Chun-Hui Huang is a Director of PTTUSA.

## V. THE RELEVANT RELATED ENTITIES AND AGREEMENTS

### PT Holdings

20.    In the most recent filing with the Hong Kong Stock Exchange, the Board of Directors of PT Holdings consists of the following Executive Directors: Messrs. Chun Kuei Lin (a Defendant herein), Halim Andree, Kin Nam Ng, Chun Fu Lin, Chien Kuan Li, Yah Taur Guo, Stanley Pope Graeme, Wei-Hung Lin (a Defendant herein), Halim Daniel, Kwok Ping Cheung, and Ms. Huang Su-Feng Lin.

### PT BVI

21.    PT BVI is the direct, wholly owned subsidiary of PT Holdings.

### Peaktop Group

22.    The name "Peaktop Group" is employed by PT Holdings to describe PT BVI and its wholly owned subsidiaries, including the subsidiary companies which produce and/or procure products for distribution in the United States of America, including products distributed in this District.

**Peaktop Technologies (Hong Kong) Limited**

23.    Peaktop Technologies (USA) Hong Kong Limited ("PTTHK") is a company organized and existing under the laws of Hong Kong.  PTTHK is 51% owned by PT BVI and 49% owned by GeoGlobal.

24.    The Board of Directors of PTTHK consists of two representatives of the PT Holdings, Chun Kuei Lin and Chien Kuan Li, and two representatives of GeoGlobal, Gregory Schutte and Jeffrey Robbins.

25.    Jeffrey Robbins has served as the President of PTTHK since January 2004.  In a letter from Mr. Chun Kuei Lin to the customers of PTTUSA, dated September 14, 2006, as discussed below, Mr. Chun Kuei Lin alleged that "Mr. Jeffrey Robbins is no longer serves [sic] as the President of Peaktop Technologies (USA) Hong Kong Limited."

**PTTUSA**

26.    PTTUSA is 19% owned by PT BVI, 51% owned by GeoGlobal, and 30% owned by Big Money, an entity controlled, upon information and belief, by one of the Director Defendants herein, Mike Wu.

27.    The Board of Directors of PTTUSA consists of five directors.  Two of the directors are also representatives of PT Holdings, namely, Chun Kuei Lin and Chun-Hui Huang.  A third director, Mike Wu, in addition to being a director of PTTUSA's shareholder Big Money, is, upon information and belief, related to one or more of the directors of PT Holdings.  The remaining two directors, Mark Wilson and Jeffrey Robbins, are members of GeoGlobal.

28.    Jeffrey Robbins has served, and continues to serve as President of PTTUSA since January 2004.

**GeoGlobal**

29.    GeoGlobal, owned equally among its three members, Jeffrey Robbins, Gregory Schutte, and Mark Wilson, does not directly or indirectly through its shareholders, subsidiaries, or affiliates own any shares or other interest in PT Holdings, PT BVI, or any companies in the Peaktop Group except for PTTHK and PTTUSA.

**Supply and Distribution of Products**

30.    Since in or about December 2003, PT BVI, has been supplying gardening and water gardening products manufactured and/or procured by the Peaktop Group ("Products") to PTTHK and to PTTUSA for distribution in the United States of America, Mexico, and Canada (the "Territory").

31.    Since in or about December 2003, GeoGlobal has engaged with PTTHK and PTTUSA in the sales and marketing of the Products in the Territory.  In general terms, PTTHK processes orders for the Products delivered "Free On Board" in China to customers which offer the Products for sale in the Territory.  PTTUSA generally, though not exclusively, processes orders for the Products which are shipped to warehouses in the United States for supplemental inventory to address customers' needs for replacement products, warranty claims, and/or to restock stores to meet higher than anticipated demand.

**Supply Agreements and Marketing Agreements**

32.    Beginning in 2005, the Hong Kong Stock Exchange sent inquiries to PT Holdings, a listed company, concerning PT Holdings' "connected transactions" with

PTTHK, PTTUSA, and GeoGlobal.  In response to these inquiries, on or about October 24, 2005, the parties entered into a set of agreements to document their sales and distribution arrangements.  Thus, PT BVI entered into an agreement with PTTUSA entitled "Supply and Distribution Agreement", and a virtually identical agreement with PTTHK (generically, "S&D Agreement").  In turn, PTTUSA entered into an agreement with GeoGlobal entitled "Marketing Agency Agreement," and PTTHK entered into a virtually identical "Marketing Agency Agreement" with GeoGlobal (generically, "MA Agreement").

33.    Of particular relevance to the matters at issue in this action, the PTTUSA S&D Agreement provides, among other things, that PTTUSA "shall be entitled . . . to promote and market the Products in the Territory in such manner as it may think fit, and, in particular, shall be entitled to resell the Products to **its customers** at such prices as it may determine." (Emphasis added.)  The PTTUSA S&D Agreement thus acknowledged PTTUSA's entitlement to control its relationships with "its customers" without interference from PT Holdings, PT BVI, or any other member of the Peaktop Group.

34.    Both the S&D Agreements and the MA Agreements were scheduled to expire by their terms on July 31, 2006.  However, the parties agreed to extend all four of those agreements by one month, through August 31, 2006, pursuant to a set of Supplemental Deed agreements entered into as of July 28, 2006 ("Supplemental Deeds").  In addition to extending the term as to each of the underlying agreements, the Supplemental Deeds expressly provided that the definition of the Products no longer included "water gardening products."

35.    All of the above-described agreements were approved by the Boards of Directors of PTTUSA and PTTHK.

## VI. THE SEPTEMBER 14, 2006 LETTER

36.    By letter, dated September 14, 2006, Chun Kuei Lin, having first identified himself as "Chairman and CEO" of PT Holdings, informed customers of PTTUSA that "effective immediately" orders for the Products were to be placed directly with either PTTHK or SRG, and not with  PTTUSA.  Specifically, the letter states that "[a]ll USA domestic inquiries should be directed to Mr. Vincent Lin, President of [SRG];" and that SRG's "Director of Sales will assist in this transition."

37.    The letter states that both PTTHK and SRG "are owned and managed by" the Peaktop Group.

38.    The letter states that "Geo Global Partners, LLC and Peaktop Technologies (USA), Inc or 'PTTUSA' are separate entities.  They will no longer represent us in the U.S. market effective September 1, 2006."

39.    The letter states Mr. Lin's intention to contact immediately PTTUSA's customers "to verify all the purchase orders information," and also states that SRG will "begin receiving all domestic orders."

## VII. THE BOARD'S KNOWLEDGE

40.    As Chun Kuei Lin, Mike Wu and Chun-Hui Huang were Directors of PTTUSA at the time Chun Kuei Lin drafted and forwarded the above correspondence to the Company's customers, they knew or recklessly ignored that this action was in breach of their fiduciary duties.

41.    Other concerns were specifically raised internally by GeoGlobal, and by its members, Jeffrey Robbins, Mark Wilson, and Gregory Schutte, but to no avail.

## VIII. DERIVATIVE ALLEGATIONS

42.    Plaintiff brings this action derivatively pursuant to Rule 23.1 of the Federal Rules of Civil Procedure on behalf and for the benefit of the Company to remedy the wrongdoing alleged herein.

43.    Plaintiff will fairly and adequately represent the interests of the Company and have retained competent counsel, experienced in derivative litigation, to enforce and prosecute this action.

## IX. DEFENDANTS' SPECIFIC DUTIES AS DIRECTORS OF THE COMPANY

44.    As directors of the Company, Chun Kuei Lin, Mike Wu and Chun-Hui Huang (collectively referred to as the "Director Defendants"), were charged with performing their duties in good faith and with the degree of care that an ordinarily prudent person serving as a director of a company doing substantial business in the United States would use under similar circumstances.  In performing their duties, the Director Defendants were required to reasonably inform themselves before making a business judgment.  The Director Defendants were charged with a duty of reasonable inquiry and cannot exempt themselves from liability by failing to do more than passively rubber-stamp the decisions of the Company's senior management.

45.    The Director Defendants owed the Company fiduciary duties of loyalty to act in the best interests of the Company and their shareholders and to refrain from self-dealing.  The Director Defendants were thus obligated to refrain from acting to benefit themselves at the expense and to the detriment of the Company.

46.    As detailed herein, the Director Defendants breached these responsibilities and obligations.

**X. DEMAND IS FUTILE**

47.    Plaintiff incorporates by reference and realleges each and every allegation stated above as if fully set forth herein.   Plaintiff did not make a demand on the Board to bring this action because such demand would be futile given the facts as alleged herein and, therefore, such a demand is excused.

48.    As summarized below and specified herein, demand is excused because this Shareholder Derivative Complaint alleges with particularity that a majority of the members of the current Board intentionally or recklessly either: (1) directly participated in the wrongs alleged herein to benefit themselves at the expense of the Company; (2) ignored the clear risks of usurping corporate opportunity for their own personal gain to the detriment of the Company; and (3) failed to adopt reasonable internal controls and independent monitoring systems to avoid such wrongful acts.

49.    As set forth herein, Chun Kuei Lin, Vincent Wei Hung Lin, Mike Wu and Chun-Hui Huang directly participated in a scheme to enrich themselves at the expense and to the detriment of the Company.  The Director Defendants blatant violations of their fiduciary duties of care and loyalty render them incapable of considering a demand in respect to their direct personal interest in the conduct and transactions challenged herein. Indeed, the Director Defendants' conduct was so facially egregious that it could not have been the product of sound business judgment.

50.    As detailed above, the Director Defendants approved the transfer of contracts, purchase orders, customers and other ancillary business rights from PTTUSA

to SRG.  In approving this blind rush into transferring rights from PTTUSA to SRG, the Director Defendants failed to fully inform themselves to the extent reasonably appropriate under the circumstances as they ignored multiple, specific warnings issued by Geoglobal.  These Director Defendants failed to implement and enforce an adequate compliance system or to adequately oversee the development of the Company's business in derogation of their duties to implement such controls.

51.    The Director Defendants actively participated in, and profited from, the wrongful actions and schemes, discussed above, to siphon money, contracts, good will, and other assets from the Company.

52.    The Director Defendants failed to protect the Company from the reputational and legal risks the Director Defendants' actions presented, and failed to take any adequate corrective measures.

53.    The Director Defendants' conduct described herein and summarized above could not have been the product of legitimate business judgments as it was based on intentional, reckless and self-interested misconduct.  Thus, none of the Director Defendants, who constitute a majority of the current board of directors of the Company, can claim exculpation from their violations of duty pursuant to the Company's charter.  As a majority of the directors on the Board face a substantial likelihood of liability, they are self-interested in the transactions challenged herein and cannot be presumed to be capable of exercising independent and disinterested judgment about whether to pursue this action on behalf of the shareholders of the Company.  Accordingly, demand is excused as being futile.

## FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

54.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

55.    Chun Kuei Lin, Mike Wu and Chun-Hui Huang, the Director Defendants, owed the Company, and its shareholders the highest duties of loyalty, honesty, and care in conducting their affairs.

56.    At a minimum, to discharge these duties, each Director Defendant should have exercised reasonable and prudent supervision over the management, policies, practices, controls and financial affairs of the Company.  By virtue of these obligations, each Director Defendant was required, inter alia:

a. to exercise reasonable control and supervision over the officers, employees, agents, business, and operations of the Company;

b. to be and remain informed as to how the Company was operating and, upon receiving notice or information of an imprudent, questionable or unsound decision, condition, or practice, make reasonable inquiry and, if necessary, make all reasonable remedial efforts; and

c. to conduct the affairs of the Company to provide the highest quality services and maximize the profitability of the Company for the benefit of its shareholders.

57.    The Board was controlled by the Director Defendants, who were representatives of the Peaktop Group.  The Director Defendants knowingly, intentionally or recklessly breached their fiduciary duties by, inter alia: (a) aggressively deciding to usurp corporate opportunity by the transfer of contracts, purchase orders, customers and other ancillary business rights from PTTUSA to SRG, to the cost and detriment of PTTUSA; (b) failing to establish reasonable procedures and controls to supervise the actions of the Company's officers and employees to avoid such actions; (c) failing to take

steps to correct the damages caused, despite warnings made and/or known to them that the activity engaged in was wrongful and damaging to the Company; and, (d) directly engaging in wrongful activity to benefit themselves at the expense of the Company and its shareholders.

58.    The Director Defendants, by their knowing, intentional or reckless misconduct, caused the Company to waste its assets, expend corporate funds, suffer credit losses, and impair its reputation and credibility for no legitimate business purpose, as a result of which the Company has been and continues to be substantially damaged. As a direct result of the Director Defendants' wrongdoing, the Company has lost substantial amounts of business and good will.  Further, the Company has potentially been, and is potentially exposed to, substantial liability in connection with civil lawsuits, investigations and other proceedings.

59.    Accordingly, Plaintiff, as a shareholder of the Company, seeks, on behalf of the Company, monetary damages, injunctive remedies, and other forms of equitable relief.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)

60.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

61.    Chun Kuei Lin, Mike Wu and Chun-Hui Huang, the Director Defendants, owed the Company, and its shareholders the highest duties of loyalty, honesty, and care in conducting their affairs.

62.    At a minimum, to discharge these duties, each Director Defendant should have exercised reasonable and prudent supervision over the management, policies,

practices, controls and financial affairs of the Company. By virtue of these obligations, each Director Defendant was required, inter alia:

> a. to exercise reasonable control and supervision over the officers, employees, agents, business, and operations of the Company;

> b. to be and remain informed as to how the Company was operating and, upon receiving notice or information of an imprudent, questionable or unsound decision, condition, or practice, make reasonable inquiry and, if necessary, make all reasonable remedial efforts; and

> c. to conduct the affairs of the Company to provide the highest quality services and maximize the profitability of the Company for the benefit of its shareholders.

63.     The Board was controlled by the Director Defendants, who were representatives of the Peaktop Group. The Director Defendants knowingly, intentionally, or recklessly breached their fiduciary duties by, inter alia: (a) failing to give all the members of the Board full notice of all Board Meetings, specifically, but not limited to, any meetings relating to transferring of contracts, purchase orders, customers and other ancillary business rights from PTTUSA to SRG; (b) failing to hold Board Meetings to directly discuss the impact on the Company of transferring of contracts, purchase orders, customers and other ancillary business rights from PTTUSA to SRG, and (c) failing to notify the full Board of the Director Defendants' intention to otherwise engage in activity which may benefit the Director Defendants themselves at the expense of the Company and its shareholders.

64.     The Director Defendants, by their knowing, intentional, or reckless misconduct, caused the Company to waste its assets, expend corporate funds, suffer credit losses, and impair its reputation and credibility for no legitimate business purpose, as a result of which the Company has been and continues to be substantially damaged. As a direct result of the Director Defendants' wrongdoing, the Company has lost

substantial amounts of business and good will.  Further, the Company has potentially

been, and is potentially exposed to, substantial liability in connection with civil lawsuits,

investigations and other proceedings.

65.    Accordingly, Plaintiff, as a shareholder of the Company, seeks, on behalf

of the Company, monetary damages, injunctive remedies, and other forms of equitable

relief.

## THIRD CAUSE OF ACTION
### (Tortious Interference With Existing Contracts)

66.    Plaintiff incorporates by reference and realleges each and every allegation

as set forth above as if fully set forth herein.

67.    PT Holdings, SRG, Chun Kuei Lin and Vincent Wei Hung Lin knew of

the existence of contracts among PTTUSA and its customers prior to the sending of the

September 14, 2006 letter.  The evident purpose of the September 14 letter was to divert

these customers and contracts from PTTUSA to SRG.

68.    Chun Kuei Lin's September 14 letter achieved its intended effect, with the

result that certain of PTTUSA's customers have canceled contracts and/or purchase order

for Products that had been placed with PTTUSA for the 2007 sales season.   Upon

information and belief, SRG has obtained the orders for the Products that were the

subject of the canceled PTTUSA contracts and/or orders.

69.    By communicating with PTTUSA's customers in the manner described

above, and by entering into the subsequent agreements with PTTUSA's customers, PT

Holdings, SRG, Chun Kuei Lin and Vincent Wei Hung Lin have intentionally and

without justification tortiously interfered with the Company's sales agreements and

induced and procured a breach thereof, thereby significantly impairing, and or destroying the Company's ability to transact its business.

69.    The Company has already suffered and continues to suffer monetary damages and irreparable injury as a result of PT Holdings', SRG's, Chun Kuei Lin's and Vincent Wei Hung Lin's tortious interference with its agreements.    At this point PTTUSA is aware that the above Defendants have wrongfully interfered with and/or usurped contracts-, which had been anticipated to yield gross profits for PTTUSA exceeding $1,900,000 USD.

**FOURTH CAUSE OF ACTION**
**(Tortious Interference with Continuing Business Relations)**

70.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

71.    Upon information and belief, PT Holdings, SRG, Chun Kuei Lin and Vincent Wei Hung Lin knew of the existence of the continuing business relationship between the Company and its customers prior to the sending of the September 14, 2006 letter.  This is specifically demonstrated by the letter being forwarded to all entities on PTTUSA's customer list and prospective customer contacts.

72.    PT Holdings, SRG, Chun Kuei Lin and Vincent Wei Hung Lin have intentionally and without justification tortiously interfered with the Company's continuing business relationships and have induced and procured a breach thereof. Furthermore, PT Holdings, SRG, Chun Kuei Lin and Vincent Wei Hung Lin is inducing the Company's customers to discontinue their business relationship, thereby significantly impairing, and or destroying the Company's ability to transact its business.

73.    The Company has suffered and continues to suffer monetary damages and irreparable injury as a result of PT Holdings', SRG's, Chun Kuei Lin's and Vincent Wei Hung Lin's tortious interference with its continuing business relationships.

### FIFTH CAUSE OF ACTION
#### (Section 43(a) of the Lanham Act)

74.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

75.    Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), prohibits, *inter alia*, any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person."

76.    Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), prohibits, *inter alia*, any "false or misleading description of fact, or false misleading representation of fact which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, [or] qualities . . . of . . . goods, services, or commercial activities."

77.    The marketing campaign engaged in by PT Holdings, SRG, Chun Kuei Lin and Vincent Wei Hung Lin, as demonstrated specifically by the September 14, 2006 letter addressed hereinabove, makes false and misleading claims that PTTUSA "will no longer represent us in the U.S. market effective September 1, 2005" and, therefore, is not authorized to sell the products at issue herein; that "[a]ll USA domestic inquiries should

be directed to Mr. Vincent Lin, President of [SRG];" and that Jeffrey Robbins "no longer serves as the President of Peaktop Technologies (USA) Hong Kong Limited."

78.    These false and misleading claims have deceived, and will continue to deceive, a substantial portion of the Company's current customers and target audience for its products.  The false and misleading claims have appeared in commercial advertising or promotion, including, but not limited to, the September 14, 2006 letter referenced herein, which was sent to all of the Company's customers, prospective customers and contacts, and, therefore, involves interstate commerce.

79.    The false and misleading advertisements and statements about the Company's inability to market and sell the products and  the alleged removal of Jeffrey Robbins as the President of PTTHK are material to consumers' purchasing decisions.

80.    As a result of the intentional, deliberate, and willful actions of PT Holdings, SRG, Chun Kuei Lin and Vincent Wei Hung Lin, the Company and the public have been injured, and unless PT Holdings, SRG, Chun Kuei Lin and Vincent Wei Hung Lin are enjoined by this Court and ordered to retract and correct their false and misleading advertisements and statements, these statements will continue to cause the Company to suffer a loss of consumer confidence, sales, profits, and goodwill, along with the cost of remedial corrective advertising, much of which loss is, and will be, irreparable.  The exact nature and extent of the Company's injury cannot be ascertained at this time, and for which there is no adequate remedy at law.

## SIXTH CAUSE OF ACTION
**(Unfair or Deceptive Acts of Practices in Violation of State Statutory Law)**

81.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

82.    By making false, misleading and unsubstantiated claims, including, but not limited to the Company's ability to market and offer for sale the products and Jeffrey Robbins' removal as President of PTTHK, PT Holdings, SRG, Chun Kuei Lin and Vincent Wei Hung Lin have engaged in fraudulent conduct in connection with the sale and advertisement of merchandise, in violation of New York's deceptive trade practices statute, N.Y. GEN. BUS. LAW §§ 349, 350.

83.    PT Holdings, SRG, Chun Kuei Lin and Vincent Wei Hung Lin have used false statements and misrepresentations of material facts about the Company, with the intent that consumers rely on those statements in connection with the sale and advertisement of the products.

84.    The actions of PT Holdings, SRG, Chun Kuei Lin and Vincent Wei Hung Lin, as set forth above, constitute a willful and deliberate fraudulent consumer practice.

85.    As a result of the intentional, deliberate, and willful actions of PT Holdings, SRG, Chun Kuei Lin and Vincent Wei Hung Lin, the Company and the public have suffered irreparable injury, the exact nature and extent of which cannot be ascertained at this time, and for which there is no adequate remedy at law.

**SEVENTH CAUSE OF ACTION**
**(Common Law Unfair Competition)**

86.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

87.    PT Holdings', SRG's, Chun Kuei Lin's and Vincent Wei Hung Lin's actions constitute unfair methods of competition in violation of the common law of New York.

88.     PT Holdings', SRG's, Chun Kuei Lin's and Vincent Wei Hung Lin's actions, as set forth above, constitute a willful and deliberate engagement in methods of competition and trade practices known to be unfair and deceptive.

89.     As a result of PT Holdings', SRG's, Chun Kuei Lin's and Vincent Wei Hung Lin's intentional, deliberate, and willful actions, the Company and the public have suffered irreparable injury, the exact nature and extent of which cannot be ascertained at this time, and for which there is no adequate remedy at law.

## EIGHTH CAUSE OF ACTION
### (Indemnification)

90.     Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

91.     As alleged herein, the Director Defendants, acting as officers and/or directors of the Company, and therefore as their agents, breached their fiduciary duties to the Company and its shareholders.

92.     The Company has suffered significant and substantial injury as direct result of the Director Defendants' knowing, intentional, or reckless breaches of their fiduciary duties as alleged herein.  Plaintiff, as a shareholder of the Company, seeks relief from the Director Defendants on behalf of the Company on the theory of indemnity to the extent that the Company is found liable for the Director Defendants' violations of their fiduciary duties.

## NINTH CAUSE OF ACTION
### (Accounting)

93.     Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

94.     Due demand for an accounting of all of the sales made by Defendants

23

directly to third parties within the Territory has been made by Plaintiff and refused by the Defendants.

95.     Plaintiff lacks knowledge of the amount of funds collected by Defendants or of the outstanding accounts receivable, which should have been on behalf of or for the benefit of the Company.   This information is wholly within the knowledge of the Defendants.

96.     Upon information and belief, upon an accounting by Defendants, a large sum of money will be found due and owing to the Company.

97.     Plaintiff has repeatedly demanded that Defendants provide a report or to account for the funds Defendants have collected relating to sales and services performed in the United States through any entity other than the Company.

98.     Defendants have refused to render these reports or an accounting, and have refused to pay to the Company the monies it is obligated to remit.

99.     Plaintiff has no adequate remedy at law, therefore, solely as a result of the foregoing; plaintiff is entitled to a full accounting from Defendants, and each of them, of each and every sale of the products made by them in the United States from September 1, 2006 to the present.

## TENTH CAUSE OF ACTION
### (Common Law Corporate Disparagement)

100.     Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

101.     Defendants' aforesaid acts, including informing customers and potential customers that the Company "will no longer represent us in the U.S. market effective September 1, 2005" and, therefore, is not authorized to sell the products at issue herein;

that "effective immediately" orders for the Products should be placed directly with either PTT HK or Silk Road Group, Inc., and not with PTT USA; and that Jeffrey Robbins "no longer serves as the President of Peaktop Technologies (USA) Hong Kong Limited**",** constitute false and defamatory statements which impugn the Company's ability to conduct business and damage and/or otherwise diminish its reputation and standing with customers and in the business community.

102.    Defendants' claims, which upon information and belief were published, disseminated, and communicated in person and via written means to all of the Company's customers, prospective customers and contacts, are literally false and disparaging to the Company.

103.    Upon information and belief, Defendants' malicious actions were knowingly, willfully, recklessly, or at the very lease negligently, committed in an attempt to cause damage to the Company.

104.    The Company has suffered and continues to suffer monetary damages and irreparable injury as a result of Defendants' defamatory actions in an amount to be determined at trial but in no event less than $1,900,000.

### ELEVENTH CAUSE OF ACTION
**(Unjust Enrichment)**

105.    Plaintiff incorporates by reference and realleges each and every allegation as set forth above as if fully set forth herein.

106.    Defendants have and will continue to benefit from their wrongful acts unless the court intervenes because they have and will be the recipient substantial time, work and effort of the Company, for which they rendered no monies or other legitimate services.

107.     Defendants' receipt of the benefit of the Company's time, work and effort without proper compensation is in direct detriment to the Company.  As stated above, the time, work and effort performed to cultivate and contract with its customers is an extremely valuable asset for which other companies or individuals have and would pay a high price. Therefore, the Defendants' continuing actions and omissions will further cause injury to the Company.

108.     Unless Plaintiff receives proper compensation for the work done, and as usurped by the Defendants, Defendants will be unjustly enriched at its expense and to its detriment in an amount to be determined by the trier of fact.

**WHEREFORE**, plaintiffs pray for judgment as follows:

A.     Judgment on the First and Second causes of Action declaring that the Defendants have breached their fiduciary duties as alleged herein and awarding the Company its damages, in an amount to be determined at trial but in no event less than $1,900,000, arising out of Defendants wrongful actions;

B.     Judgment on the Third, Fourth, Fifth, Sixth, Seventh, Tenth and Eleventh Causes of Action awarding the Company its damages, in an amount to be determined at trial but in no event less than $1,900,000, arising out of Defendants wrongful actions;

C.     Judgment on the Fifth, Sixth, and Seventh Causes of Action enjoining and restraining Defendants from making false and misleading claims, or engaging in unfair or deceptive practices regarding PTTUSA;

D.     Judgment on the Eighth Cause of Action awarding the Company indemnification as a result of the Director Defendants wrongful actions;

E.     Judgment on the Ninth Cause of Action directing Defendants, jointly and severally, to account for all losses and/or damages sustained by the Company by reason of the acts and omissions complained of herein;

F.     Requiring Director Defendants to remit to the Company all of their salaries and other compensation received for the periods when they breached their duties;

G.     Ordering that Defendants and those under their supervision and control refrain from further violations as are alleged herein and to implement corrective

measures, including a system of internal controls and procedures sufficient to prevent the repetition of the acts complained of herein, that will rectify all such wrongs as have been committed and prevent their recurrence;

H.    Awarding pre-judgment and post-judgment interest as allowed by law;

H.    Awarding Plaintiff's attorneys' fees, expert fees, and other costs and expenses; and

I.    Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues triable by right to a jury.

Dated:  October 9, 2006                    DRAKEFORD & KANE LLC
                                           475 Park Avenue South
                                           15th Floor
                                           New York, New York 10016
                                           (212) 696-0010

                                           By:  _____
                                                Sean P. Kane, Esq. (SK 4568)

27