**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x

IN RE PEAKTOP TECHNOLOGIES (USA), INC.
SHAREHOLDER DERIVATIVE LITIGATION                    :

                Plaintiff,                    :          **Case No.  06 CV 8228 (JSR)**

    v.                                                    :

Peaktop International Holdings Limited, and
SRG Group (a/k/a or d/b/a/ SRG Gifts), and  :
Mr. Chun Kuei Lin, Individually, and as CEO and
Chairman of Peaktop International Holdings Ltd, and as  :
Director of Peaktop Technologies (USA), Inc., and as
Director and Officer of SRG Group, and as          :
Director and Officer of SRG Gifts, and
Mr. Vincent Wei Hung Lin, Individually, and as    :
Director and Officer of SRG Group, and as
Director and Officer of SRG Gifts, and            :
Mr. Mike Wu, Individually, and as
Director of Peaktop Technologies (USA), Inc., and  :
Mr. Chun-Hui Huang, Individually, and as
Director of Peaktop Technologies (USA), Inc.      :

                Defendants.                   :
--------------------------------------------------------------------x


**MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS**


DRAKEFORD & KANE LLC
Sean F. Kane (SK 4568)
475 Park Avenue South
15th Floor
New York, New York 10016
(212) 696-0010

Attorneys for GeoGlobal Partners, LLC,
as a Shareholder of Peaktop Technologies
(USA), Inc.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**................................................................................ii

**INTRODUCTION**.........................................................................................1

**ARGUMENT**...............................................................................................3

**POINT 1**
STANDARD FOR MOTION TO DISMISS ..............................................................3

**POINT 2**
THE ALLEGATIONS IN THE COMPLAINT ARE SUFFICIENT TO
DEMONSTRATE FEDERAL QUESTION, DIVERSITY AND SUPPLEMENTAL
JURISDICTION, THEREFORE NECESSITATING THAT DEFENDANTS'
MOTION TO DISMISS MUST BE DENIED.....................................................4

Plaintiff's Complaint Demonstrates the Existence
of Full Diversity of the Parties, Therefore,
Defendants' Motion to Dismiss Must be Denied......................................4

The Lanham Act Allegations are Sufficient to
Demonstrate a Cognizable Claim, Therefore,
Defendants' Motion to Dismiss Must be Denied......................................6

The Court Has Supplemental Jurisdiction
Over all Plaintiff's State Law Claims ...................................................9

**POINT 3**
THE NATURE OF THE CURRENT ACTION IS SUBSTANTIALLY DIFFERENT
FROM PEAKTOP INVESTMENT HOLDINGS (B.V.I.) LIMITED'S NEW JERSEY
ACTION  AND, THEREFORE, IS NOT SUBJECT TO DEFENDANTS' MOTION TO
DISMISS....................................................................................9

The Claims Raised in the Instant Action are
Not Compulsory Counterclaims, Therefore,
Defendants' Motion to Dismiss Must be Denied ....................................10

The First to File Rule is Not Applicable When, as Here,
There are Differing Parties and Issues in the Actions, Therefore,
Requiring That Defendants' Motion to Dismiss Must be Denied....................13

New Jersey's Entire Controversy Doctrine is Not
Applicable to the Instant Action, Therefore,
Defendants' Motion to Dismiss Must be Denied ....................................15

**CONCLUSION**...........................................................................................16

- i -

## TABLE OF AUTHORITIES

*ACTV, Inc., v. Walt Disney Co.*, 2002 WL 922172 (S.D.N.Y. 2002)..................................7

*Allen v. West Point-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991) .................................3

*American Needle & Novelty, Inc. v. Drew Pearson Marketing, Inc.*,
820 F.Supp. 1072 (N.D.Ill. 1993) .................................................................................7

*Anonymous v. Kaye*, 1996 WL 734074 (2d Cir. 1996) ......................................................15

*Barth v. Kaye*, 178 F.R.D. 371, 378 (N.D.N.Y. 1998) ......................................................16

*Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993) .....................3

*Buddy USA, Inc. v. Recording Indus. Ass'n of Am., Inc.*,
2001 WL 1220548 at *2 (2d Cir. 2001)........................................................................14

*Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 555 (S.D.N.Y.,2000) ......................13

*Clarendon Nat'l Ins. Co. v. Pascual*, 2000 WL 270862 at *7 (S.D.N.Y. 2000) .....................14

*Cohen v. Heussinger*, 1994 WL 240378, at *2 (S.D.N.Y. 1994) .........................................5

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-03, 2 L.Ed.2d 80 (1957) ..................3

*Duffey v. D.C. Wheeler*, 820 F.2d 1161, 1163 (11th Cir.1987) .........................................5

*Ekinici v. GNOC. Corp.*, 2002 WL 31956011 at *2 (E.D.N.Y. 2002) ................................15

*First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989) ....................13

*Four Season Solar Prods. Corp.v. Sun System Prefabricated Solar Greenhouses, Inc.*
101 F.R.D. 292, 294 (E.D.N.Y. 1983) ...........................................................................12

*Gasser Chair Co. v. Infanti Chair Mfg., Corp.*, 1991 WL 10931, at *2, (E.D.N.Y. 1991)...........12

*Gagliardi v. Village of Pawling*, 18 F.3d 188, 191 (2d Cir.1994) .......................................3

*Goldsmith v. Polygram Diversified Ventures In*c. 1995 WL 614560 (S.D.N.Y. 1995).............7

*Gordon and Breach Science Publishers S.A. v. American Institute of Physics*,
859 F.Supp. 1521, 1528 (S.D.N.Y. 1994) .....................................................................3, 8

*Grupke v. Linda Lori Sportswear, Inc.*, 174 F.R.D. 15 (E.D.N.Y., 1997) ...........................12

*Hanson PLC v. Metro-Goldwyn-Mayer Inc.*, 932 F.Supp. 104, 106 (S.D.N.Y.1996) ..............13

*Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir.1978) ......................................................12

*Howard v. Klynveld Peat Marwich Goerdeler*, 977 F.Supp. 654, 664 (S.D.N.Y. 1997) ..........14

*Isogon Corp. v. Amdahl Corp.*, 1997 WL 759435 (S.D.N.Y. 1997) ................................14

*Kellen Co., Inc. v. Calphalon Corp.*, 54 F.Supp.2d 218, 221 (S.D.N.Y. 1999) ....................14

*Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 522-23,
67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947) ..................................................................5

*Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir.1983) ................................................5

*Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir.1997) ....................................16

*Netwolves Corp. v. Sullivan*, 2001 WL492463, *5 (S.D.N.Y. 2001) ................................4

*Nordco, A.S. v. Ledes*, 1999 WL 1243883,*10 (S.D.N.Y. 1999) ..............................11, 12

*Noyer v. Viacom Inc.*, 1998 WL 226172 (S.D.N.Y. 1998) ..............................................9

*Oliver v. Ambrose*, 152 N.J. 383, 705 A.2d 742, 747 (N.J.1998) ..................................15

*Promisel v. First American Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir.1991) ..............9

*Reino de Espana v. American Bureau of Shipping, Inc.*,
328 F.Supp.2d 489, 493 (S.D.N.Y. 2004) ..............................................................11

*Rycoline Prods., Inc., v. C & W Unlimited*, 109 F.3d 883, 886-87 (3d Cir.1997) ................15

*Schnabel v. Ramsey Quantitative Systems, Inc.* 322 F.Supp.2d 505, 509 (S.D.N.Y. 2004) .......14

*Smith v. Sperling*, 354 U.S. 91, 97, 77 S.Ct. 1112, 1116, 1 L.Ed.2d. 1205 (1957) ..................5

*Tommy Hilfiger Licensing, Inc. v. Bradlees, Inc.*, 2001 WL 1702151 *5 (S.D.N.Y.,2001) .......11

*United Artists Corp. v. Masterpiece Prods., Inc.*, 221 F.2d 213, 216 (2d Cir.1955) .............12

*United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ........9

*United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir.1979) ..........................................12

*White Plains Towing Corp. v. Patterson*, 991 F.2d 1049, 1058 (2d Cir.1993) ......................8

*William Gluckin & Co. v. Int'l. Playtex Corp.,* 407 F.2d 177, 178 (2d Cir.1969) ...................13

*ZB Holdings, Inc. v. White,* 144 F.R.D. 42, 45 (S.D.N.Y.1992) ............................................5

*800-Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F.Supp. 128, 132 (S.D.N.Y.1994) ..13, 14

## STATUTES

15 U.S.C. §1125(a)(1)(B)............................................................................7

28 U.S.C. § 1367(a) ................................................................................9

## RULES

Fed.R.Civ.P. 12(b)(1) ..............................................................................9

Fed.R.Civ.P. 13(a) ........................................................................10, 11, 12

## OTHER AUTHORITIES

Restatement (Second) of Judgments § 24(1) (1982) ........................................16

Peaktop Technologies (USA), Inc. (referred to herein as "PTTUSA" or the "Plaintiff"). respectfully submits this Memorandum of Law in Opposition to Defendants' Motion to Dismiss.

## INTRODUCTION

In response to PTTUSA's Complaint ("Complaint") requesting redress and relief from the Court for Defendants' wrongful acts, Defendants have filed and served a Motion to Dismiss and related documents ("Motion to Dismiss"). The only document submitted to provide support for Defendants' legal arguments is the Declaration of Defendants' counsel, James E. Tonrey, Jr. ("Tonrey Decl."). The Tonrey Declaration, however, does nothing more than attach a copy of a Complaint that was filed on behalf of one of the Defendants in this action, Peaktop Investment Holdings Limited ("PT Investment"), in the United States District Court for the District of New Jersey on or about September 25, 2006 ("DNJ Action").[1] While Mr. Tonrey presumably may authenticate the Complaint in the DNJ Action, that document is of no evidential value, since that Complaint is not verified. Consequently, PT Investment's brief is not supported by any competent evidence whatsoever. Rather, the entire motion is comprised of naked, unsubstantiated hearsay testimony of PT Investment's counsel, and nothing more. Consequently, we respectfully submit that since no evidence has been adduced to support PT Investment's motion, it should be denied.

Perhaps because of this flaw, which we respectfully submit is fatal, Defendants' legal arguments are inapt. As to Defendants' claim that there is no diversity of citizenship, Defendants' argument wrongly dwells on the identity of the shareholder which initiated this lawsuit, GeoGlobal Partners, LLC ("GGP"), rather than on the corporation which is the real

---

[1] Mr. Tonrey asserts, assumingly in error, that this complaint "is a correct copy of the complaint that was filed on behalf of Peaktop Investment Holdings Limited in the above-captioned matter." Since the caption on his Declaration is that of the instant case and the caption of the attached complaint is from an action in New Jersey, there is obviously a flaw in his Declaration.

party in interest in this derivative action, Peaktop Technologies (USA), Inc. ("PTTUSA").
While we may concede that GGP is not diverse as to all of the named Defendants, the real
plaintiff in this action, PTTUSA, most certainly is diverse as to all of the named Defendants.

As to Defendants' claim that the Complaint in this action ("SDNY Action") does not
state a cognizable claim under the Lanham Act, Defendant argues, again without a shred of
factual support, that the Lanham Act claim is deficient because, in Defendants' view, it is based
upon a single, "private," communication.  On the contrary, while PTTUSA has to date
discovered only one false, misleading letter, that letter was distributed widely, and to precisely
the universe of contacts, namely customers and/or prospective customers, which were mostly
likely to be unfairly influenced as a result.

As to Defendants' attack on supplemental jurisdiction, that argument must fail because,
we respectfully submit, this Court properly has jurisdiction based upon both diversity and the
existence of a federal question.

As to Defendants' contention that the claims in this action must be asserted as a
compulsory counterclaim in DNJ Action, that argument must fail because PTTUSA's claims in
this action involves different, additional parties, depend upon some additional and separate
factual bases, and request different relief.

As to Defendants' contention that the New Jersey "entire controversy doctrine" requires
GGP to assert its claims in the DNJ Action, that argument must fail because this action involves
different parties and different claims than the DNJ Action.

Finally, Defendants' contention that the "first filed rule" should preclude the present
action must fail for the same reasons, namely, that this action involves different parties and
different claims than the DNJ Action.

In sum, given the lack of any facts, case law, or other valid support for Defendants' Motion to Dismiss, Plaintiff respectfully requests that this Court deny Defendants' requested relief in its entirety.

**ARGUMENT**

**1.    STANDARD FOR MOTION TO DISMISS**

In addressing a motion to dismiss the Court is required "to construe any well-pleaded factual allegations in the complaint in favor of the plaintiff and dismiss the complaint only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Gordon and Breach Science Publishers S.A. v. American Institute of Physics*, 859 F.Supp. 1521, 1528 (S.D.N.Y. 1994); *Gagliardi v. Village of Pawling*, 18 F.3d 188, 191 (2d Cir.1994) (quoting *Allen v. West Point-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-03, 2 L.Ed.2d 80 (1957))). Therefore, the Court's function is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient. *Id.* "[C]onsideration is limited to the factual allegations in plaintiffs' . . . complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Id.*; *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993).

Defendants' Motion to Dismiss seems to have forgotten or ignored these long-held propositions. Although Defendants' Motion to Dismiss is replete with unsubstantiated statements about an alleged lack of jurisdiction, it ignores the properly pleaded allegations in PTTUSA's Complaint which demonstrate that jurisdiction is well founded in this Court. Since

- 3 -

the Court is to review the Complaint accepting each and every allegation as truth and viewed

most favorably to the Plaintiff, Defendants' arguments must be dismissed in their entirety.

> **2.    THE ALLEGATIONS IN THE COMPLAINT ARE SUFFICIENT TO DEMONSTRATE FEDERAL QUESTION, DIVERSITY AND SUPPLEMENTAL JURISDICTION, THEREFORE NECESSITATING THAT DEFENDANTS' MOTION TO DISMISS MUST BE DENIED**

Point One of Defendants' Motion to Dismiss (in subsections (A.), (B.) and (C.)) argues as

follows: (A) that the parties are not fully diverse so there is no federal jurisdiction over the

various claims; (B.) there is no Lanham Act claim presented; and (C.) that since there is no

Federal Court jurisdiction there is no supplemental jurisdiction over the state law claims.  For the

reasons listed below, none of these arguments has merit, and, therefore, the Motion to Dismiss

should be denied.

**Plaintiff's Complaint Demonstrates the Existence
of Full Diversity of the Parties, Therefore,
Defendants' Motion to Dismiss Must be Denied**

Defendants argue, wrongly, that there is no diversity among the parties and thus

jurisdiction is lacking.  Given that Plaintiff has unequivocally demonstrated hereinbelow that

federal question jurisdiction is apparent, this Court does not even need to address this issue.

Regardless, in addition to alleging claims sufficient to sustain federal question jurisdiction,

Plaintiff's complaint also alleges full and proper diversity.  The general rule in shareholders'

derivative actions is that the corporation is properly aligned as the plaintiff because the

corporation is the real party in interest. *Netwolves Corp. v. Sullivan*, 2001 WL492463, *5

(S.D.N.Y. 2001); *see also Duffey v. D.C. Wheeler*, 820 F.2d 1161, 1163 (11th Cir.1987) (citing

*Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 522-23, 67 S.Ct. 828, 831, 91 L.Ed.

1067 (1947)); *Cohen v. Heussinger*, 1994 WL 240378, at *2 (S.D.N.Y. May 26, 1994) (citing

*Duffey* ); *ZB Holdings, Inc. v. White*, 144 F.R.D. 42, 45 (S.D.N.Y.1992) (same).  PTTUA, a New

York corporation, is the real beneficial party in this action. None of the Defendants reside in or are citizens of New York. Moreover, the Defendants' wrongful conduct has caused actual damage, and continues to cause actual damage to PTTUSA, not just to GGP as a shareholder of PTTUSA. Since PTTUSA and all of the Defendants are diverse and the amount in controversy is over the statutory minimum, diversity jurisdiction has been satisfied.

There is an exception to the above-stated general rule that corporations are aligned as the plaintiff, but that exception is applicable only in those circumstances in which aligning the corporation as a plaintiff would not provide a "real collision" of interests. *Smith v. Sperling,* 354 U.S. 91, 97, 77 S.Ct. 1112, 1116, 1 L.Ed.2d. 1205 (1957); *Cohen,* 1994 WL 240378, at * 2; *ZB Holdings, Inc.* 144 F.R.D. at 45. "In other words, 'the final alignment of the parties should reflect the actual antagonisms between the plaintiffs, the corporation, and the directors." ' *ZB Holdings,* 144 F.R.D. at 45 (quoting *Liddy v. Urbanek,* 707 F.2d 1222, 1224 (11th Cir.1983)). This exception is not applicable to the current situation because PTTUSA's interests are unmistakably antagonistic to the Defendants' interests. In case there was any doubt about this point, it is demonstrated by the decision of PT Investment, a defendant in this action, to join PTTUSA as a defendant in the DNJ action.

The instant action, unlike the cases cited by Defendants, has not been brought by shareholders seeking redress for themselves against the company and all its directors. While GGP has been harmed in its capacity as a shareholder of PTTUSA as a result of Defendants' wrongful conduct, GGP is not attempting in this action to obtain its own redress. Rather, this action was instituted on behalf of PTTUSA to rectify the damage that PTTUSA has suffered as a direct result of fiduciary lapses and other wrongful conduct by certain members of PTTUSA's board. Thus, Defendants' attempt to shift the focus of the diversity analysis away from

PTTUSA, and place it on GGP, is unwarranted. The action was brought on behalf of PTTUSA. Since PTTUSA is fully diverse from all of the Defendants in this action, Defendants instant motion must be dismissed.

Moreover, assuming arguendo that this Court were to view the plaintiff in this action as GGP and not PTTUSA for purposes of determining diversity, the proper outcome would not be to dismiss the suit in its entirety but to grant leave for the Plaintiff to amend the Complaint to more fully clarify the existence of diversity.

**The Lanham Act Allegations are Sufficient to
Demonstrate a Cognizable Claim, Therefore,
Defendants' Motion to Dismiss Must be Denied**

Defendants' Motion to Dismiss argues the self-serving position that there is no Lanham Act claim sufficiently pleaded in the Complaint, but then fails to backup its allegation with any relevant facts or case citations. The first two paragraphs of Defendants' argument do nothing but set forth the requirements for stating a claim under the Lanham Act. There is no argument that the Complaint has failed in any way to meet these requirements. Instead, Defendants attempt to hang their hat on the misguided claim that "one statement, or one communication containing an alleged actionable statement" is not sufficient for Lanham Act purposes.

Defendants' argument is woefully inadequate. Specifically, in Point 1(B.) of the Motion to Dismiss the Defendants argue that given the citations provided the Court must deny Plaintiff's claim as a matter of law. Unfortunately for the Defendants, the cases cited to are sufficiently different from the facts herein and do not demonstrate the necessity of the relief being sought. As this Court is well aware having presided over *ACTV, Inc., v. Walt Disney Co.*, 2002 WL 922172 (S.D.N.Y.), the case only involved a single private email correspondence which was not made public. Likewise, *Goldsmith v. Polygram Diversified Ventures Inc.* 1995 WL 614560

- 6 -

(S.D.N.Y.) (dealing with one single letter sent to a book publisher and not otherwise made public) and *American Needle & Novelty, Inc. v. Drew Pearson Marketing, Inc.*, 820 F.Supp. 1072 (N.D.Ill. 1993) (dealing with one letter selectively distributed to non-consumer parties) involved single or limited distribution not rising to the level of being made public. Here, Defendants' moving papers ignore that PTTUSA's Lanham Act claim does not deal with a single, private and undistributed letter. Paragraph 78 of the Complaint specifically discusses that the correspondence at issue "which was sent to all the Company's customers, prospective customers and contacts . . .", which differentiates the current situation from those private or limited circulation cases cited to by the Defendants. (Complaint ¶ 78.)

Moreover, the Defendants argue that the correspondence "cannot reasonably be construed as advertising or promotion" but rather as "merely an announcement of the termination of the business relationship". This argument goes to the ultimate question of the claim and is not relevant for determination by Motion to Dismiss where all the allegations are taken as true. Regardless, there are standard principles from other cases and legislative history which may be summed up as follows: "In order for representations to constitute "commercial advertising or promotion" under Section 43(a)(1)(B), they must be: (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classic advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry." *Gordon and Breach Science Publishers S.A,* 859 F. Supp. at 1535. Moreover, the Second Circuit has defined "commercial speech" as "*i.e.,* speech that merely proposes commercial transactions." *White Plains Towing*

*Corp. v. Patterson*, 991 F.2d 1049, 1058 (2d Cir.1993). The September 14, 2006 letter, which was sent to customers and prospective customers and stated, among other things, that all PTTUSA's customers will be contacted to "verify all the purchase orders" and that SRG will "begin receiving all domestic orders" (Complaint ¶ 39.), easily meets the requirement to be "commercial speech". Moreover, one purpose of the letter was to generate sales for Defendant businesses which are in competition with PTTUSA. It was clearly intended to influence customers to make purchases from the Defendants by stating that PTTUSA will no longer represent them in the market and that Defendants would contact the entities shortly about their orders. Finally, by sending the letter to all customers, potential customers and contacts the Defendants engaged in distribution of the offending material to a sufficient section of the relevant purchasing market.

Given the foregoing it is unequivocal that the paragraphs 74 to 80 of the Complaint have met the pleading burden under the Lanham Act. Since a Federal Question exists -- for this reason alone -- Defendants Motion to Dismiss must be denied in its entirety. Ultimately, the issue of whether the practices engaged in by the Defendants give rise to relief under the Lanham Act will need to be determined by a Judge or a trier of fact at a later date, but this type of determination is not ripe for disposition on a Motion to Dismiss.

**The Court Has Supplemental Jurisdiction**
**Over all Plaintiff's State Law Claims**

As with the previous section, the argument raised in Point 1(C.) of Defendants' moving

papers does not belong in this Motion to Dismiss. Since the Plaintiff has heretofore already

demonstrated that this Court has diversity jurisdiction and federal question jurisdiction there is

no basis to grant Defendants' request for summary disposition of the remaining claims brought

pursuant to this Court's supplemental jurisdiction. Defendants' motion on this point is grounded

on Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction), alleging that the solely state law

claims asserted in the Complaint do not warrant exercise of supplemental jurisdiction. However,

as demonstrated hereinabove the federal claims against the Defendants and the state law claims

asserted appear, on the basis of the allegations in the Complaint which must be accepted at true

for the purposes of this motion, to "derive from a common nucleus of operative facts," *Noyer v.*

*Viacom Inc.*, 1998 WL 226172 (S.D.N.Y. 1998); (quoting *Promisel v. First American Artificial*

*Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir.1991)) (quoting *United Mine Workers v. Gibbs*, 383

U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)), since the Complaint alleges that all

defendants were integral parts of the very scheme to damage and diminish PTTUSA. For that

reason, and because "plaintiff's claims are such that [it] would ordinarily be expected to try them

all in one judicial proceeding," *id.* (quoting *Gibbs*, 383 U.S. at 725), the exercise of

supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a) is appropriate.

    **3.**    **THE NATURE OF THE CURRENT ACTION IS SUBSTANTIALLY**
          **DIFFERENT FROM PEAKTOP INVESTMENT HOLDINGS (B.V.I.)**
          **LIMITED'S NEW JERSEY ACTION AND, THEREFORE, IS NOT**
          **SUBJECT TO DEFENDANTS' MOTION TO DISMISS**

Each section in Point Two of Defendants' Motion to Dismiss fails for the same reason;

that the current action and the District of New Jersey action involve different parties, raise

different issues and request different relief.  Once again, Defendants' moving papers fail to

demonstrate how the Complaint, viewed in favor of the Plaintiffs' allegations, lacks elements

sufficient to allow for the action to continue in this Court.  Instead, Defendants' Motion to

Dismiss takes a scatter-shot approach by raising three different arguments with a shared core

allegation that the current action is somehow the same as another action pending in New Jersey.

**The Claims Raised in the Instant Action are**
**Not Compulsory Counterclaims, Therefore,**
**<u>Defendants' Motion to Dismiss Must be Denied</u>**

Defendants' moving papers erroneously assert that the causes of action raised in the

instant matter must be dismissed under Fed.R.Civ.P. 13(a) as compulsory counterclaims which

must be raised in a separate action instituted in the District Court of New Jersey, entitled *Peaktop*

*Investment Holdings (B.V.I.) Limited versus GGP, Jeffrey Robbins, Mark Wilson, Gregory*

*Schutte, Peaktop Technologies (USA), Inc., and Best Eagle Group, Ltd.* Case No. 06-4632 (JAG)

(the "District of New Jersey action").  In any inquiry of this type the Court should first determine

whether the counterclaim asserted is compulsory or permissive.  A counterclaim is considered

compulsory if it "arises out of the transaction and occurrence that is the subject matter of the

opposing party's claim and does not require for its adjudication the presence of third parties of

whom the court cannot acquire jurisdiction." Fed.R.Civ.P. 13(a) (the "Rule").  On the face of the

Rule alone Defendants' motion should be denied.  The Rule clearly states that it "arises out of

the transaction and occurrence that is the subject matter **of the opposing party's claim and does**

**not require for its adjudication the presence of third parties".**  (emphasis added).

Here, the parties to the DNJ Action are PT Investment, as the sole Plaintiff, versus GGP,

Jeffrey Robbins, Mark Wilson, Gregory Schutte, Peaktop Technologies (USA), Inc., and Best

Eagle Group, Ltd, as Defendants.  In the SDNY Action, by contrast, the parties are PTTUSA, as

Plaintiff, versus Peaktop International Holdings Limited, SRG Group (a/k/a or d/b/a/ SRG Gifts), Chun Kuei Lin, Vincent Wei Hung Lin, Mike Wu, and Chun-Hui Huang, as Defendants. Thus, none of the entities or individuals that have been named as Defendants in the instant action are even named as parties in the DNJ Action.

Rule 13(a) provides that a compulsory counterclaim is one that a pleader has against the opposing party at the time the pleading is served. Fed.R.Civ.P. 13(a). *Reino de Espana v. American Bureau of Shipping, Inc.,* 328 F.Supp.2d 489, 493 (S.D.N.Y.,2004). "[A] counterclaim is compulsory if, among other things, it is a claim the pleader had at the time of serving the original pleading." *Tommy Hilfiger Licensing, Inc. v. Bradlees, Inc.,* 2001 WL 1702151 *5 (S.D.N.Y.,2002); *Nordco, A.S. v. Ledes,* 1999 WL 1243883,*10 (S.D.N.Y. 1999). When the DNJ Action was filed, the parties were obviously substantially different from those in this matter. Therefore, it would have been impossible to have raised the claims in this action as counterclaims in the DNJ Action without the presence of numerous third parties who were not part of the DNJ Action.

In this regard it is important to note that several of the Defendants in this action are citizens of foreign countries, and are subject to this Court's jurisdiction only due to their involvement as directors of PTTUSA, a New York corporation. Consequently, if this action were dismissed, jurisdiction and venue may not be available in the District of New Jersey since certain of the Defendants herein may not have sufficient contracts with New Jersey. Thus, the existence of distinctly different parties with different interests in the two actions should, in and of itself, be sufficient grounds upon which to reject Defendants' Motion to Dismiss.

An additional element required of a claim under Rule 13(a) is for the court to determine when two claims arise from the same "transaction and occurrence". In determining this, the

court considers whether the "essential facts of the various claims are so logically connected that consideration of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Grupke v. Linda Lori Sportswear, Inc.,* 174 F.R.D. 15 (E.D.N.Y., 1997); *See also United States v. Aquavella,* 615 F.2d 12, 22 (2d Cir.1979) (quoting *Harris v. Steinem,* 571 F.2d 119, 123 (2d Cir.1978)). The Second Circuit has adopted the "logical relationship" test for determining whether counterclaims are compulsory. It has stated that the "transaction or occurrence" language of Rule 13(a) requires "not an absolute identity of factual backgrounds for the two claims, but only a logical relationship between them." *Nordco, A.S. v. Ledes* 1999 WL 1243883 (S.D.N.Y.,1999); *United Artists Corp. v. Masterpiece Prods., Inc.,* 221 F.2d 213, 216 (2d Cir.1955); *accord United States v. Aquavella,* 615 F.2d 12, 22 (2d Cir.1979); *Gasser Chair Co. v. Infanti Chair Mfg. Corp.,* 1991 WL 10931, at *2 (E.D.N.Y. 1991); *Four Seasons Solar Prods. Corp. v. Sun System Prefabricated Solar Greenhouses, Inc.,* 101 F.R.D. 292, 294 (E.D.N.Y.1983). The causes of action raised in this case do not logically relate to those raised in the DNJ Action. The Complaint in this action alleges, among other things, that defendants have engaged in breaches of the fiduciary duties they owed to PTTUSA and its shareholders. Moreover, the Complaint claims that the Defendants have engaged in actions constituting corporate disparagement, as well as Lanham Act violations. The basis of these actions and inactions involves the September 14, 2006 letter prepared and sent by the Defendants to PTTUSA's customers, potential customers and contacts. Alternatively, the District of New Jersey action does not deal with the letter at all, but otherwise alleges that the Defendants, of which only PTTUSA is involved in the current action, engaged in actions and inactions including, but not limited to misappropriation of confidential and proprietary information and conversion. Moreover, the District of New Jersey action requests relief including an injunction

- 12 -

barring and compelling certain actions, imposition of a constructive trust, and dissolution of

PTTUSA. The relief requested herein, while in certain instances may fall within a similar

category of relief as in the District of New Jersey action, is markedly different when viewed on

the whole. Since the specific nature of the allegations in the two actions are different and arise

out of different transactions and occurrences, and the relief being requested is vastly different,

this is not an issue to be determined by Motion to Dismiss and Defendants request for summary

disposition must fail.

**The First to File Rule is Not Applicable When, as Here,
There are Differing Parties and Issues in the Actions, Therefore,
<u>Requiring That Defendants' Motion to Dismiss Must be Denied</u>**

Plaintiff asserts that it is a "well-settled principle" in this circuit that "where proceedings

involving the same parties and issues are pending simultaneously in different federal courts the

first-filed of the two takes priority" absent "special circumstances". *Citigroup Inc. v. City

Holding Co.,* 97 F.Supp.2d 549, 555 (S.D.N.Y.,2000); *see also First City Nat. Bank and Trust

Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir.1989); *William Gluckin & Co. v. Int'l. Playtex Corp.,*

407 F.2d 177, 178 (2d Cir.1969). However, the first-filed rule is not to be applied mechanically,

but the party that seeks to deviate from the rule has the burden of demonstrating that

circumstances justifying an exception exist. *See Hanson PLC v. Metro-Goldwyn-Mayer Inc.,*

932 F.Supp. 104, 106 (S.D.N.Y.1996); *800-Flowers, Inc. v. Intercontinental Florist, Inc.,* 860

F.Supp. 128, 132 (S.D.N.Y.1994). Given the relevant facts herein, the determination as to

whether there are circumstances warranting a departure from the first-filed rule is committed to

the sound discretion of this Court. *See First City Nat. Bank and Trust Co.,* 878 F.2d at 77;

*William Gluckin & Co.,* 407 F.2d at 179.

In the instant action Plaintiff has already demonstrated hereinabove that the first to file rule is inapplicable since the parties in the two cases are not the same and, in fact, are markedly different. Most cases in which the first-filed rule is applicable present scenarios in which the plaintiff in the first action is the defendant in the second action. *Kellen Co., Inc. v. Calphalon Corp.* 54 F.Supp.2d 218, 221 (S.D.N.Y.,1999); *see also Isogon Corp. v. Amdahl Corp.,* No. 97 Civ. 6219, 1997 WL 759435 (S.D.N.Y. Dec.10, 1997); *800-Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F.Supp. 128 (S.D.N.Y.1994). This is clearly not the circumstances of this action. By contrast in this case, not only are the Plaintiff and the Defendants in the District of New Jersey action different, but none of the Defendants involved herein is even a party to the "purportedly" first-filed action in New Jersey.

"Courts in this Circuit adhere to the first filed rule: 'Where two courts have concurrent jurisdiction over an action involving the **same parties and issues**, courts will follow a "first filed" rule whereby the court which first has possession of the action decides it.' " (emphasis added) *Schnabel v. Ramsey Quantitative Systems, Inc.* 322 F.Supp.2d 505, 509 (S.D.N.Y.,2004); *Clarendon Nat'l Ins. Co. v. Pascual,* 2000 WL 270862 at *7 (S.D.N.Y. 2000) (quoting *800-Flowers, Inc.* 860 F.Supp. at 131); *see also, e.g., Buddy USA, Inc. v. Recording Indus. Ass'n of Am., Inc.,* 2001 WL 1220548 at *2 (2d Cir.2001). Moreover, district courts "are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the **'claims, parties, and available relief do not significantly differ between the two actions.'** " (emphasis added) *Howard v. Klynveld Peat Marwich Goerdeler,* 977 F.Supp. 654, 664 (S.D.N.Y. 1997). The Defendants' moving papers fail to demonstrate, and in fact cannot demonstrate, that the parties and the issues in the current action are the same at those in the District of New Jersey action. Moreover, as stated herein the

- 14 -

claims and relief being sought are substantially different in the two actions.  Therefore, since

Defendants cannot meet their burden to demonstrate that the actions involve the "same parties

and issues", Defendants' request to dismiss must fail.  Moreover, Defendants' specious

allegation that Plaintiff has engaged in forum shopping without any other supporting argument is

insufficient to compel the court to dismiss the current action.

**New Jersey's Entire Controversy Doctrine is Not**
**Applicable to the Instant Action, Therefore,**
**Defendants' Motion to Dismiss Must be Denied**

Defendants reliance upon New Jersey's "entire controversy doctrine" is misplaced.  The

cases cited to for the proposition that this Court should dismiss the instant action do not provide

for the relief being requested.  In *Anonymous v. Kaye*, 1996 WL 734074 at *2 (2d Cir. 1996), the

district court granted the motion to dismiss the claims on the grounds of res judicata and the

Second Circuit reviewed that decision de novo.  The basis of upholding the district court's

finding was that the issues had already been fully disposed of in the first action.  New Jersey's

"entire controversy" doctrine, is a claim preclusion doctrine that applies in state and federal

actions "**following New Jersey judgments**". (emphasis added) *Ekinici v. GNOC. Corp.*, 2002

WL 31956011 at *2 (E.D.N.Y.,2002); *see also Rycoline Prods., Inc., v. C & W Unlimited,* 109

F.3d 883. 886-87 (3d Cir.1997).  Herein there has not been any such judgment or disposition in

the District of New Jersey action; therefore, no claim can be made that the Plaintiff is attempting

to take another bite of the apple.

Furthermore, under New Jersey law, "the entire controversy doctrine encompasses

'virtually all causes, claims, and defenses relating to a controversy" and requires, "at a

minimum," that all parties to a suit bring all affirmative claims, counterclaims, cross-claims, and

defenses out of the underlying controversy. *Oliver v. Ambrose,* 152 N.J. 383, 705 A.2d 742, 747

- 15 -

(N.J.1998) (quotations and citations omitted).  Therefore, even if there had been some relevant judgment or disposition in the District of New Jersey action, res judicata would not likely be applicable herein since the parties to this action are different and the issues raised in the two actions are neither synonymous nor even substantially similar.

Likewise, under both New York law and federal law the required standard is the same. "[T]he doctrine states that once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning 'the transaction, or series of connected transactions, out of which the [first] action arose.' " *Barth v. Kaye*, 178 F.R.D. 371, 378 (N.D.N.Y.,1998); see also *Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 97 (2d Cir.1997) (citing Restatement (Second) of Judgments § 24(1) (1982)). Therefore, since Plaintiff has sufficiently demonstrated that parties in the two actions are markedly different and the issues involved do not relate to the same transactions, Defendants' request to dismiss this cause of action must fail.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss must be dismissed in its entirety and Plaintiff should be granted its costs in responding thereto, along with any other or further relief as this Court may deem just and proper.

Dated: December 4, 2006
    New York, New York

                                              DRAKEFORD & KANE LLC
                                              475 Park Avenue South
                                              15th Floor
                                              New York, New York 10016
                                              (212) 696-0010

                                            By:   __/S/ Sean F. Kane  (ECF)____
                                                    Sean F. Kane, Esq. (SK 4568)