# DRAKEFORD & KANE LLC

ATTORNEYS · CONSULTANTS

475 PARK AVENUE SOUTH, 15TH FLOOR, NEW YORK, NY 10016

TELEPHONE  212 696-0010
TELEFAX  212 696-0070

www.drakefordkane.com

WRITER'S DIRECT DIAL
  (212) 696-0010
  skane@drakefordkane.com

December 21, 2006

## VIA FEDERAL EXPRESS

Hon. Jed S. Rakoff, U.S.D.J.
United States Courthouse
500 Pearl Street
Room 1340
New York, New York 10007

> Re:   In re Peaktop Technologies (USA), Inc. v. Peaktop International Holdings Ltd, et al.
>        Case No. 06CV8228

Dear Hon. Jed S. Rakoff, U.S.D.J.:

As you know this firm represents GeoGlobal Partners, LLC, as shareholders of Peaktop Technologies (USA), Inc., in the above-referenced action.  Pursuant to Your Honor's verbal directive during the December 14, 2006 hearing, this letter is intended to inform the Court of the other actions Defendants have brought in Hong Kong and elsewhere.  I believe the information contained herein will demonstrate to the Court that the Defendants' have engaged in bad faith relating to the current action.  That being said, Plaintiff requests that Your Honor revisit his order staying the current action and otherwise deny the Defendants' Motion to Dismiss.  In the alternative, Plaintiff would request that the Court transfer and/or consolidate this action with the action currently pending in the District of New Jersey.

Plaintiff filed the Summons and Complaint in the current action on Tuesday, October 10, 2006.  The Plaintiff first learned of the District of New Jersey Action action, discussed below, when Gregory Shutte was served on or about Sunday, October 8, 2006, after the instant Complaint was drafted and only one business day before the instant Complaint was filed.  Thereafter, other than Gregory Shutte, none of the other parties in the District of New Jersey action was personally served.  However, the Defendants' attorney, Brian Flanagan, has recently agreed to accept service on their behalf.  Therefore, since Plaintiff drafted the instant Complaint without any prior knowledge of the existence of the claims contained in the District of New Jersey action, Plaintiff acted in good faith in raising the various claims contained in the instant matter and not in any parallel action.  This is further established by the fact that the claims raised in the instant Complaint are substantially different from the issues raised in the District of New Jersey action.

## DRAKEFORD & KANE LLC

Hon. Jed S. Rakoff
December 21, 2006
Page 2

Prior thereto, on September 25, 2006, C.K. Lin lodged a criminal complaint with both the Economic Investigation Unit, Police Department, Shenzhen City and the Bao'an Public Security Bureau ("China Criminal Complaint") against GeoGlobal Partners LLC, Jeffrey, Robbins, Mark Wilson, Gregory Shutte, Best Eagle Group Ltd., among others. C.K. Lin is the Chief Executive Officer and Chairman of the Board of Directors of Defendant, Peaktop International Holdings Limited, a Director of PTTUSA, a Director and Officer of Peaktop Investment Holdings (B.V.I.) Limited and a Director and Officer of Peaktop Technologies (USA) Hong Kong Limited and, upon information and belief, is a Director and Officer of Defendant, SRG. Suspiciously, C.K. Lin did not file the China Criminal Complaint on behalf of any of the above named Peaktop entities, but rather chose to file his specious claims on behalf of an obscure factory held within the Peaktop Group, namely, Shenzhen Yuancheng Light Industrial Products Co., Ltd., ("SYLIP"). Upon, information and belief, SYLIP is a wholly owned subsidiary of Defendant, Peaktop International Holdings Limited. A copy of the Case Report Materials is attached hereto as Exhibit A.

While Mr. Lin may have attempted to disguise his personal actions in the above referenced complaints by making them under the corporate name of SYLIP, it does not relieve him from full awareness and control of what actions he was taking against PTTUSA and Geoglobal Partners LLC in China the same day that he was also filing an action against them in the District of New Jersey. Mr. Lin is the prevailing bad faith actor in all of the entities and is the nexus of misdeeds and all other claims that Plaintiff has raised. The China Criminal Complaint alleges that the relevant parties acquired trade secrets of Peaktop International Holdings Limited by improper means. Based on the alleged trade secrets infringement, SYLIP asserted that the named parties have caused damages to SYLIP. These claims are virtually identical to allegations that were raised in the District of New Jersey action. It would seem apparent that Peaktop International Holdings Limited is using its subsidiary SYLIP as a means to overly burden the relevant entities by filing criminal complaints in what is clearly a civil matter.

As the Court is well aware, Peaktop Investment Holdings (B.V.I.) Limited filed its complaint in the District of New Jersey on September 25, 2006, which is the same day the above China Criminal Complaint was made. The New Jersey action bears the caption *Peaktop Investment Holdings (B.V.I.) Limited against GeoGlobal Partners, LLC, Jeffrey Robbins, Mark Wilson, Gregory Shutte, Peaktop Technologies (USA), Inc, and Best Eagle Group, Ltd.*, No.: 06-4632 (JAG) ("District of New Jersey action"). For convenient reference a copy of the District of New Jersey action is attached hereto as Exhibit B. The District of New Jersey action likewise alleges that the relevant Defendant parties have obtained Intellectual Property and trade secrets of the Plaintiff and have utilized them in a wrongful manner to the detriment of the Plaintiff. These claims are basically a reiteration of the allegations in the above criminal complaint.

Moreover, on September 27, 2006, a mere two (2) days later, a Writ of Summons and Indorsement of Claim was filed in the High Court of the Hong Kong Special Administrative Region Court of First Instance, Action No. 2147 of 2006 bearing the caption *Peaktop Investment Holdings (B.V.I.) Limited and Peaktop Technologies (USA) Hong Kong Limited against Jeffrey Robbins, Mark Wilson, Gregory Shutte, GeoGlobal Partners, LLC, Peaktop Technologies (USA), Inc, and Best Eagle Group, Ltd.* ("Hong Kong action"). A copy of said filings is attached hereto

## DRAKEFORD & KANE LLC

Hon. Jed S. Rakoff
December 21, 2006
Page 3

as Exhibit C.  The Plaintiff herein was never served with said document.  Plaintiff only learned of the action following it being leaked to the parties' mutual customers, apparently by C.K. Lin or through his Peaktop entities.  Once we learned of this filing we had our Hong Kong counsel obtain a copy of the relevant materials from the court.

As the Court will note with the exception of the addition of Peaktop Technologies (USA) Hong Kong Limited as a plaintiff, the captions of the District of New Jersey Action and the Hong Kong Action are identical in respect to the parties involved.  Indeed, all three actions initiated by the Peaktop parties request relief for wrongful use of confidential information, breach of fiduciary duty and breach of trust.

It is my understanding from Hong Kong counsel that the Indorsement of Claim is essentially a placeholder pleading.  Hong Kong law requires Plaintiffs to perfect their claims by way of the filing of a bill of particulars.  It is my understanding that no bill of particulars has yet to be filed.  This in of itself is demonstrative of Defendants' bad faith attempt to win the race to the courthouse in various jurisdictions in order to position itself as the injured party.  They did not even spend the time to properly investigate and draft a pleading providing the parties with notice and description of the allegations involved in the suit.  Instead they chose to file a rushed document with the court to mask their real intent to harass the parties with numerous filings.

As the court is well aware the declaration of James E. Tonrey, dated November 20, 2006, identified the existence of the New Jersey Action and attached a copy of that complaint.  In what appears to have been a significant lack of candor, the Defendants failed to apprise the Court of either the Hong Kong action or the China Criminal Complaint.

The foregoing information demonstrates that the Plaintiff's representation of Defendants as engaging in bad faith conduct is an apt description.  Clearly the actions of Mr. Lin and the Plaintiff in the District of New Jersey action demonstrate bad faith and unclean hands in raising the arguments contained in the recent Motion to Dismiss.  Defendants argue that Plaintiff should not be allowed to raise differing issues in the instant actions because of the burden it would cause them due to their first-filed action in the District of New Jersey.  However, the information herein demonstrates that this is ridiculous in light of the fact that Defendants and their related entities have filed actions and complaints in four different venues at the same time seeking the exact same relief.  The four actions raise the same allegations and request the same relief and demonstrate that it is the Defendants who have engaged in wrongful behavior.  Given the nature and scope of Defendants actions, Plaintiff requests that this Court deny the Defendants' Motion to Dismiss and let this action continue in the Southern District of New York.  Alternatively, Plaintiff would request that the Court transfer and/or consolidate this action with the action currently pending in the District of New Jersey.

## DRAKEFORD & KANE LLC

Hon. Jed S. Rakoff
December 21, 2006
Page 4

If you have any questions concerning the enclosed please do not hesitate to contact me.

Very truly yours,

/s/

Sean F. Kane

Cc: James Tonrey, Esq.

**Case Report Materials**

Plaintiff: Shenzhen Yuansheng Light Industrial Products Co., Ltd., a wholly owned subsidiary of Peaktop Group. It acts as an operational center of Peaktop Group for research and development in the PRC and manages the other subsidiaries of Peaktop Group.

Address: Changzhen Village, Gongming County, Baoan District, Shenzhen City, Guangdong Province, People's Republic of China (hereafter "PRC")

Legal representative: Lin Chun Kuei          Tel: 0755-27180888


Defendant: GeoGlobal Partners LLC (hereafter "GGP")

Address: 111 Corporate Boulevard, Suite G-H, South Plainfield, New Jersey 07080, U.S.A.

Legal representative: Jeffrey Robbins


Defendant:     GeoGlobal Partners LLC (representative office in PRC)

Address: B-101, Block 9, Dongshen Li city Garden(東升麗城花園), Dongsheng District, Zhongshan City, Guangdong Province, PRC

Responsible Person:     John Walker


Defendant:     John Walker, a both employee and engineer of GGP stationing in PRC

Existing address:     B-101, Block 9, Dongshen Li city Garden(東升麗城花園), Dongsheng District, Zhongshan City, Guangdong Province, PRC


Defendant:     Jeffrey Robbins, a both director and shareholder of GGP

Address: 111 Corporate Boulevard, Suite G-H, South Plainfield, New Jersey 07080, U.S.A.


Defendant:     Mark Wilson, a both director and shareholder of GGP

Address: 111 Corporate Boulevard, Suite G-H South Plainfield, New Jersey 07080, U.S.A.


Defendant:     Gregory Schutte, a both director and shareholder of GGP

Address: 111 Corporate Boulevard, Suite G-H South Plainfield, New Jersey 07080, U.S.A.


Defendant:     Tong Jing, a technical employee of GGP

Address: 111 Corporate Boulevard, Suite G-H South Plainfield, New Jersey 07080, U.S.A.


Defendant:     Best Eagle Group Ltd., a subsidiary of GGP

Defendant:  Helida (Zhong Shan) Electrical Appliance Co., Ltd.(中山和利達電器製造有限

公司), a co-operative party of GGP in PRC

Address:  Dong Sheng Development Zone, Dongsheng District, Zhongshan City, Guangdong
Province, PRC

Legal Representative: Donna Chen                Tel: 0760-2222717

Involved companies:-

1.  Peaktop International Holdings Limited (hereafter "Peaktop Group"), incorporated in
    Bermuda since 1997.
2.  Peaktop Technologies (USA) Inc. (hereafter "PTTUSA"), a joint venture company
    formed by GGP and Peaktop Group.
3.  Peaktop Technologies (USA) Hong Kong Limited (hereafter "PTTHK"), a joint venture
    company formed by GGP and Peaktop Group.
4.  Yu Hua (Zhong Shan) Electrical Appliance Co., Ltd., a wholly owned subsidiary of
    Peaktop Group. It is a factory principally engaging in manufacturing a whole series of
    water pumps and water gardening products.

Suspected charges:- Infringement of commercial secret crime

Since the establishment of Peaktop Group, it principally engages in research, development,
production and distribution of a whole series of water pumps and water gardening products.
The plaintiff is a wholly owned subsidiary of Peaktop Group and incorporated in Shenzhen
City since 2001. It acts as an operational center of Peaktop Group in the PRC. The plaintiff
lodges a compliant of infringement of commercial crime against Geoglobal Partners LLC, the
representative office of Geoglobal Partners LLC in PRC, Best Eagle Group Ltd., John Walker,
Jeffrey Robbins, Mark Wilson, Gregory Schutte and Tong Jing who are U.S. citizens and
Helida (Zhong Shan) Electrical Appliance Co., Ltd. The applicant is now requesting to
investigate the above case.

1.  Background information of the case:-
    Two agreements have been entered into between Peaktop Group and GGP dated 9
    January 2004 and 24 October 2005. Both parties have established two companies in
    U.S.A. and Hong Kong, namely as PTTUSA and PTTHK respectively. According to the
    agreements, PTTUSA represents Peaktop Group to distribute Peaktop Group's products
    in U.S.A., and PTTHK places the orders to Peaktop Group for manufacturing. Both
    parties have agreed GGP should act in the capacity of a marketing agent in U.S.A. for the
    promotion of the products under the names of PTTUSA and PTTHK. Before the

agreements were expired on 31 August 2006 (hereafter "the expiry date"). PT USA could only represent PT Group to distribute Peaktop Group's products in U.S.A., and Peaktop Group would be the exclusive manufacturer of GGP.

2. Alleged basic elements of crime:-

    (1)    Before the expiry date, GGP violated the terms of agreements that GGP's subsidiary has received the sales orders and performed lots of preparation work in order to retrieve the secret commercial information from Peaktop Group.

            According to the subsequent investigation performed by the plaintiff, GGP has received the sales orders under the name of Best Eagle Group Limited, a subsidiary of GGP and seriously violated the terms of the agreements before the expiry date. Meanwhile, GGP has set up its representative office in Zhongshan City, Guangdong Province since October 2005 and co-operate with Helida (Zhong Shan) Electrical Appliance Co., Ltd. for development and manufacturing a series of water pumps and water gardening products which are the same series of Peaktop Group. Those products are involved with over 40 series of water pumps and water gardening products which are exactly the same or very similar to the products that Peaktop Group has. Having synthesized the above behavior of GGP, GGP would get ready to obtain the secret commercial information as improper methods.

    (2)    GGP and other defendants have executed the actions to obtain the commercial secret of Peaktop Group with improper methods.

            In October 2005, Jeffrey Robbins, Mark Wilson, Gregory Schutte, who are the responsible persons and board of directors of GGP, communicated the CEO of Peaktop Group, Lin Chun Kuei. Jeffrey Robbins, Mark Wilson, and Gregory Schutte alleged GGP had appointed a water gardening product engineer, John Walker, in U.S.A. To enhance the technical skill of the water gardening products and further enlarge the turnover, they asked Peaktop Group to provide all details of the design layout of water pumps and water gardening products for John Walker to analyze and promised to treat those information confidentially. As considered both parties were partners and binding to the agreements, Peaktop Group promised GGP to provide information and inform the sales team accordingly.

            On 7 November 2005, Brian, an engineer of GGP, requested the sale team of Peaktop Group to provide all design layouts of water pumps and water gardening products and to provide 10 series of Lowe's water pumps' engineering design layout to GGP. The sales team of Peaktop Group immediately notified the sales

department head of Yu Hua (Zhong Shan) Electrical Appliance Co., Ltd.,

ZhaoLiMing(趙麗明) (Appendix I), who also reported to the factory manager,

Xiong Ming Han, the above issue. Xiong Ming Han considered that the engineering design layout is the strictest confidential information and could not make the decision. After obtaining the consents from Group Vice President and CEO of Peaktop Group, namely Lin Yuan Chia and Lin Chun Kuan respectively, the engineering design layout prepared by Yu Hua (Zhong Shan) Electrical Appliance Co., Ltd., including 10 series of water pumps layout and 3D drawing (components drawing, assembly drawing, exploded drawing, components checklist) have been produced in a CD-ROM and delivered via express courier to John Walker of GGP on 11 November 2005 (Appendix II).

On 20 February 2006, an engineer of GGP, Tong Jing, sent an email to the sale team of the plaintiff and asked for providing the whole series of engineering design layout of water gardening products (Appendix III). After confirmed by CEO and Group Vice President of Peaktop Group, Yu Hua (Zhong Shan) Electrical Appliance Co., Ltd. provided 32 kinds of products' 2D drawing and 3D drawing (components drawing, assembly drawing, exploded drawing, components checklist) produced in a CR-ROM. The plaintiff subsequently delivered to Tong Jing and brought to GGP.

(3)   The above behavior of GGP and other defendants have seriously infringed the legal rights of Peaktop Group and the plaintiff.

The design layout and the relevant information provided by Yu Hua (Zhong Shan) Electrical Appliance Co., Ltd. were sourced from Heissner AG, a Germany company, which was acquired by Peaktop Group in 2000. Peaktop Group introduced the whole set of technologies from Germany. Peaktop Group has invested a huge amount of labor force, research and development on the products. The commercial secret of intellectual properties is belonged to Peaktop Group and the plaintiff, and they have treated the information as strictly confidential. The have implemented a strict protection system and adopted various methods to secure those information. Peaktop Group will not provide the engineering design layout and other relevant techniques to GGP if Peaktop Group realizes the intention of GGP to research, develop and manufacture water pumps and water gardening products by themselves. GGP has the premeditation to swindle the commercial secret with improper ways through the trust relationship between GGP and Peaktop Group as business partners.

The engineering design layout provided by Yu Hua (Zhong Shan) Electrical Appliance Co., Ltd. to GGP is the standard layout of manufacture of the products. With the layout, the products can be manufactured without any further technical, research and development. GGP can easily produce counterfeits products (with less or even no amendment) after GGP has obtained those engineering design layout and relevant information.

According to the preliminary estimation of Plaintiff, the cost of research and development of full set of water pumps and water gardening products to the customer, Lowe's, is approximate RMB 2,800,000, and the research and development cannot be finished in a short time. Although it is possible to have similarity on the appearance, size and structure of a few products, it is impossible to have identical or little modification on the appearance, size and structure on the whole set of over 30 products. This is obviously a counterfeits.

Pursuant to Section 129 of the Criminal Law in PRC, under any of the following circumstances of infringement of commercial secret action, anyone who discloses the commercial secret and constructs the possessor a serious damage, below 3 years of imprisonment and a fine penalty should have been made, if they construct a very serious damage, above 3 years and up to 7 years of imprisonment and a fine penalty should have been made:-

(1) as stolen, induce, threats or other improper methods to obtain the commercial secret from the possessor;
(2) disclose, use or permit the person(s) to use the previous improper methods to obtain the commercial secret from the right person;
(3) breach the terms of agreements or against the right person for the requirement of the terms of keeping the commercial secret as confidential, disclose, use or permit the person(s) to use such commercial secret.

According to the above facts and legal requirements, the plaintiff considered that the defendants have the premeditation to swindle the commercial secret through improper ways from the plaintiff and caused the plaintiff significant damages (the preliminary estimation damages is RMB2,800,000, and the amount is for the expense of research and development but excludes the future claims for the loss of order and manufacturing businesses).The actions are fulfilled with the crime of infringement of commercial secret under Section 129 of the Criminal Law in PRC. Therefore, the applicant is complied with the law requirement to take a legal action and now requested the relevant authorities to investigate the above case and protect the legal rights of the plaintiff.

T:O:     Economic Investigation Unit, Police Department, Shenzhen City

Plaintiff:     Shenzhen Yuansheng Light Industrial Products Co., Ltd.
Date: 25 September 2006

Summons in a Civil Action

# United States District Court

## DISTRICT OF NEW JERSEY

PEAKTOP INVESTMENT HOLDINGS (B.V.I.)
LIMITED,

### SUMMONS IN A CIVIL ACTION

CASE NUMBER: $06-4632$ $(JAG)$

**V.**

GEOGLOBAL PARTNERS, LLC, JEFFREY
ROBBINS, MARK WILSON, GREGORY
SCHUTTE, PEAKTOP TECHNOLOGIES (USA),
INC., and BEST EAGLE GROUP, LTD.,

TO: (Name and Address of Defendant)

Gregory Schutte
182 Mendham Road East
Mendham, NJ  07945

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Edward T. Kole, Esq.
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ  07095

an answer to the complaint which is herewith served upon you, within underline(twenty (20)) days after service
of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.

WILLIAM T. WALSH

CLERK    DIANNE C. RICHARDS

DATE    10-2-06

Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of service and Statement of Service Fees is true and correct.

Executed on_____    _____
         *Date*           *Signature of Server*

                   _____
                   *Address of Server*

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

9/25/06

WILENTZ, GOLDMAN & SPITZER
A Professional Corporation
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
          and
LAW OFFICES OF WEICHENG WANG
197 Route 18, Suite 309
East Brunswick, New Jersey 08816
(732) 418-8865
Attorneys for Plaintiff
  Peaktop Investment Holdings
  (B.V.I.) Limited

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------X

PEAKTOP INVESTMENT HOLDINGS : 
(B.V.I.) LIMITED, :

      Plaintiffs, :

                       :            Civil Action  06-4632
                                           (JAG)
v. :            **COMPLAINT**

GEOGLOBAL PARTNERS, LLC, :
JEFFREY ROBBINS, MARK WILSON, :
GREGORY SCHUTTE, PEAKTOP :
TECHNOLOGIES (USA), INC., and :
BEST EAGLE GROUP, LTD., :

      Defendants. :

---------------------------------------------------X

      Plaintiffs Peaktop Investment Holdings (BVI) Limited ("Peaktop Holdings" or

"Peaktop") through its undersigned attorneys, as and for its complaint against defendants,

GeoGlobal Partners, LLC ("GeoGlobal"), Jeffrey Robbins, Mark Wilson, Gregory Schutte,

#2802917

Peaktop Technologies (USA), Inc. ("Peaktop USA") and Best Eagle Group Ltd. ("Best Eagle"),

states and alleges as follows:

## FACTS COMMON TO ALL COUNTS

### A. The Parties

1. Plaintiff Peaktop Holdings is a corporation incorporated in the British Virgin

Islands, with a registered office at P.O. Box 3340, Road Town, Tortola, British Virgin Islands.

Peaktop Holdings is a holding company consisting of, among other things, wholly owned

subsidiaries engaged in the manufacture, sale and distribution of, among other things, home

garden and decoration products.

2. Defendant GeoGlobal is, upon information and belief, a limited liability

company of the State of New Jersey, with an office located at 111 Corporate Drive, South

Plainfield, New Jersey 07080. From a point in time commencing in approximately the year 2003

through August 31, 2006, GeoGlobal was appointed to act as a "marketing agent" for Peaktop

Holdings in the territories of the United States, Canada and Mexico.

3. Defendant Peaktop USA is a company incorporated under the laws of the State

of New York, with a business address of 450 West 15th Street, No. 606, New York, New York

10011.

4. Peaktop Technologies (USA) Hong Kong Limited ("Peaktop Technologies

Hong Kong") is incorporated in Hong Kong and has a registered office located at Units 1603 -

1605, 16/F, Tower 3, Enterprise Square, 9 Sheung Yuet Road, Kowloon Bay, Hong Kong.

Peaktop Technologies Hong Kong functions as a distributor on behalf of Peaktop Holdings,

exporting goods from Hong Kong to, among other places, North America.

5. Defendant Jeffrey Robbins is, upon information and belief, a resident of the

State of New Jersey, with an address of 636 Central Avenue, Westfield, New Jersey 07095 and

the managing member of GeoGlobal. He is also the president of Peaktop USA and a member of

the board of directors of Peaktop USA and Peaktop Technologies Hong Kong.

6. Defendant Mark Wilson is, upon information and belief, a resident of the State

of New Jersey, the brother-in-law of defendant Jeffrey Robbins, and a member of GeoGlobal.

He is an officer of Peaktop USA and a member of the board of directors of Peaktop USA and

Peaktop Hong Kong.

7. Defendant Gregory Schutte is, upon information and belief, a resident of the

State of New Jersey, with an address of 182 Mendham Road East, Mendham, New Jersey 07945.

He is an officer of Peaktop USA and a member of the board of directors of Peaktop

Technologies Hong Kong, and a member of GeoGlobal.

8. Defendant Best Eagle is, upon information and belief, an associate company of

GeoGlobal and/or its members, which has the same business address as GeoGlobal, 111

Corporate Boulevard, South Plainfield, New Jersey 07080.

## JURISDICTION

9. This matter falls within the Court's diversity jurisdiction pursuant to 28 U.S.C.

§ 1332 in that the citizenship of plaintiff is diverse from that of all of the defendants, and the

amount in controversy is in excess of $75,000.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 given that

defendants reside in this district and a substantial part of the events or omissions giving rise to

the claims asserted herein took place in this district.

**B.     Background: The Business of Peaktop Holdings**

11. Peaktop Holdings was founded in 1996. Through its subsidiaries, Peaktop

Holdings manufactures, designs and/or supplies, among other things, garden and garden

decoration products for use by consumers. It has sold its products throughout Asia and, in more recent years, it has also sold its products in North America.

12. Peaktop Holdings' gardening business consists of two main general categories of products: the "garden decoration/water features" group, which involves garden decorations that may use water, and the "water gardening" group, which involves the sale of water pumps and lighting that are used in garden decorations, such as water fountains and filtration systems.

13. Peaktop Holdings' customers include, among others, well-known retailers such as Lowes, Home Depot, Target, Wal-Mart and K-Mart.

**C.    Peaktop's Entry Into A Marketing Relationship With Jeffrey Robbins And/Or GeoGlobal Partners, LLC**

14. In or about the year 2000, defendant Jeffrey Robbins was an employee of one of Peaktop Holdings' customers in the United States, known as "Beckett." Upon information and belief, Mr. Robbins' employment with Beckett related to the sale of certain home gardening products.

15. Mr. Robbins had occasion to communicate with Peaktop Holdings, through its employees, and would seek opportunities to market Peaktop's products in the United States through him.

16. In or about the year 2001-2002, upon information and belief, Mr. Robbins' employment with Beckett came to an end. From and after such time, he continued to maintain contact with Peaktop Holdings through Peaktop Holdings' employees. He continued to comment on Peaktop Holdings needing additional and/or better marketing in the United States.

17. The relationship grew over time and, by the year 2003, Jeffrey Robbins, through his own company, GeoGlobal Partners, LLC ("GeoGlobal"), which was formed by

Jeffrey Robbins, Mark Wilson and Gregory Schutte, began to seek approval from Peaktop to market Peaktop's products.

18. At or about the same time, Peaktop USA and Peaktop Technologies Hong Kong were formed, with both companies to serve as the distributing "arms" for Peaktop Holdings in North America and Hong Kong, respectively.

19. On or about November 6, 2003, Peaktop Holdings, through an assignee, assigned 49% of the shares of Peaktop Technologies Hong Kong and Peaktop USA to GeoGlobal, and Jeffrey Robbins was instituted as the President of Peaktop USA. Moreover, Jeffrey Robbins and Mark Wilson were appointed as members of the board of directors of Peaktop USA, and Jeffrey Robbins and Gregory Schutte were appointed as members of the board of directors of Peaktop Technologies Hong Kong. GeoGlobal was also formally appointed as Peaktop Holdings' marketing agent in the United States, Canada and Mexico.

20. By agreement about January 9, 2004 ("the January 9, 2004 Agreement"), GeoGlobal was continued as Peaktop Holdings' marketing agent in the United States, Canada and Mexico.

**D.    The October 24, 2005 Agreement Appointing GeoGlobal As Peaktop USA and Peaktop Technologies Hong Kong's Marketing Agent Through And Including July 31, 2006**

21. Subsequently, by Agreement dated October 24, 2005 ("the October 24, 2005 Agreement") GeoGlobal was kept in place as the marketing agent for Peaktop USA and Peaktop Technologies Hong Kong (which had been formally appointed as Peaktop Holdings' distributors by agreement of the same date).

22. Among other things, the October 24, 2005 Agreement provides that GeoGlobal would continue to undertake to market Peaktop Holdings' products and to solicit

customers for Peaktop, and also sets forth a method for compensating GeoGlobal. The October

24, 2005 Agreement also provides that its term extended through and including July 31, 2006.

23.  GeoGlobal also agreed that it would preserve the confidentiality of

information pertaining to Peaktop Holdings and its subsidiaries and that it would utilize its best

endeavors to prevent the disclosure of such information.

24.  At or about the time that the October 24, 2005 Agreement had been executed,

GeoGlobal and Peaktop USA were both operating in tandem under the direction of Jeffrey

Robbins and Robbins had, in essence, taken over the marketing operations for Peaktop Holdings

in the United States, Canada and Mexico. Thus, either GeoGlobal or Peaktop USA would

market and solicit sales for Peaktop Holdings, the orders would be transmitted to Peaktop

Technologies Hong Kong by either of the companies acting at Mr. Robbins' direction, and

Peaktop Holdings would manufacture and ship the products to the customers in the

aforementioned territories. Additionally, Robbins, through GeoGlobal, claimed entitlement to an

additional 2% interest in Peaktop USA (purportedly giving Robbins and/or GeoGlobal a

controlling 51% shareholder interest in Peaktop USA), which became a source of discussion

between the parties.

25.  Additionally, Peaktop Holdings recently became aware that defendants have

set up another business, known as "Best Eagle Group, Ltd." and which is in the same line of

business as Peaktop.

> **E.**     **The Parties' Performance Under the October 24, 2005 Agreement,
> And The Cyclical Nature Of Sales Presentations And The Supplying
> Of Products To Customers In The Water Garden, Garden Decoration
> And Water Feature Business**

26.  The market for Peaktop Holdings' garden products consists of well-known

retailers such as Lowe's, Home Depot, Target, and the like. Sales to such customers operate on a

cyclical basis, with the sales presentation and sales commitments occurring well in advance of

the distribution of the products. Thus, for example, while sales presentations are made in or

about January through July of a given year, products start to be shipped to the customer in

October or November of the same year for the upcoming Spring season.

27. In connection with making presentations to the present and/or potential

clients of Peaktop Holdings, Robbins and his employees, acting under the GeoGlobal and/or

Peaktop USA umbrella, would regularly request designs, samples, technical designs and

specifications and/or prototypes from Peaktop Holdings for use in connection with the aforesaid

presentations and/or in response to a prospective customer's request. GeoGlobal and/or Peaktop

USA, as part of the sales presentation and sales process, would also obtain sales catalogs from

Peaktop Holdings that set forth Peaktop Holdings' product line for the upcoming season.

**F.     With The Agreement Set To Expire On July 31, 2006,
The Parties Agree To Extend The Agreement By One
Additional Month**

28. Prior to July 31, 2006, Peaktop Holdings and GeoGlobal/Peaktop USA

engaged in discussions concerning an extension of the Agreement. In the midst of the sales

presentation season (i.e., January/July, 2006), Peaktop Holdings sought to extend the parties'

relationship and to maintain GeoGlobal and Peaktop USA as its marketing agents.

29. GeoGlobal and/or Peaktop USA, however, despite welcoming such

discussions, appeared intent on "submarining" the discussions. GeoGlobal and/or Peaktop USA

demanded untenable terms as well as terms that had never previously been part of the parties'

agreement, such as, for example, a term that would require Peaktop Holdings to pay GeoGlobal a

commission on sales of merchandise for which the end customer had not yet even paid.

30.  While Peaktop Holdings continued to engage in the discussions in good faith, GeoGlobal/Peaktop USA eventually would agree to extending the agreement for only one month, and by document entitled "Supplemental Deed" and dated July 28, 2006, the parties agreed to extend the October 24, 2005 Agreement through and including August 31, 2006.

### G.    Peaktop Holdings Becomes Aware Of GeoGlobal's And Peaktop USA's Misappropriation Of Peaktop Holdings' Confidential And Proprietary Information

31.  At or about the time that the parties were discussing the extension of the October 24, 2005 Agreement, and thereafter, Peaktop Holdings obtained information that GeoGlobal and/or Peaktop USA were apparently misappropriating Peaktop Holdings' designs, samples, prototypes technical drawings and specifications, and customer base, and diverting them to the use and benefit of GeoGlobal.

32.  In this regard, as in the past, in or about the spring and summer of 2006, Geoglobal/Peaktop USA requested designs, prototypes, technical drawings and specifications and catalogs from Peaktop Holdings.

33.  Peaktop Holdings, in accordance with GeoGlobal's and Peaktop USA's representations that the requested materials were necessary in discharging their duties under the Agreement, provided GeoGlobal/Peaktop USA with the designs, samples, technical drawings and specifications and prototypes, as requested.

34.  The designs, samples, prototypes, technical drawings and specifications that Peaktop Holdings provided involved the specifications for Peaktop Holdings' current and/or future product lines, and constituted, in a sense, the "blue print" from which the product could be created.  Peaktop Holdings does not, as a matter of course, make such information generally available, and provided them to GeoGlobal/Peaktop USA only in accordance with the

Agreement, and with the understanding that GeoGlobal/Peaktop USA would act to preserve the confidentiality of such information.

35. Peaktop Holdings has nonetheless become aware that GeoGlobal/Peaktop USA have misappropriated the aforesaid samples, prototypes technical drawings and specifications for their own benefit (and the benefit of GeoGlobal's members). GeoGlobal/Peaktop USA have apparently done so notwithstanding the fact that defendants Jeffrey Robbins and Mark Wilson are officers and directors of Peaktop USA and PeaktopTechnologies Hong Kong, and owe fiduciary duties of loyalty to Peaktop and the companies.

36. Upon information and belief, GeoGlobal's/Peaktop USA's scheme proceeded as follows: GeoGlobal/Peaktop USA would hold themselves out as the marketing agents for Peaktop Holdings to Peaktop Holdings' customers, such as Target, K-Mart, Lowes, Wal-Mart and Home Depot. GeoGlobal/Peaktop USA would then take orders from the aforesaid customers, using prototypes, samples, technical drawings and specifications, and catalogs provided by Peaktop Holdings, but instead of having the orders filled by Peaktop Holdings, GeoGlobal/Peaktop USA would have the product manufactured by a third party contractor. GeoGlobal/Peaktop USA then "sold" the product to Peaktop Holdings' customers, and provided the customer with GeoGlobal's/Peaktop USA's own invoice, or, upon information and belief, an invoice from Best Eagle, which was to be paid to GeoGlobal and/or Best Eagle. By engaging in this scheme, GeoGlobal cut Peaktop Holdings and its subsidiaries completely out of the process, and retained all benefit and profit for itself.

37. Upon learning of this scheme, Peaktop Holdings contacted GeoGlobal and confronted it, through Jeffrey Robbins, with the information that had been obtained concerning

the misappropriation. While Mr. Robbins responded to Peaktop Holdings' communication in

this regard, he attempted to justify GeoGlobal's actions under the guise that "small" orders had

been placed for customers such as K-Mart and Target (with third party suppliers) because

Peaktop Holdings purportedly would not fill the order. Mr. Robbins also stated that he had done

so for the purpose of purportedly "saving" the relationship with the aforesaid customers so that

Peaktop Holdings could benefit from the placement of "larger" orders in the future.

38. Mr. Robbins' explanation, which concedes that GeoGlobal manufactured

products marketed by Peaktop Holdings, is unbelievable. At the time that Mr. Robbins made his

statements, the October 24, 2005 Agreement was at the end of its duration and GeoGlobal/

Peaktop USA had already assumed a disagreeable posture in the negotiations to extend the

aforesaid agreement.

39. Moreover, Mr. Robbins' proffered explanation is contrary to the fact that

GeoGlobal/Peaktop USA quite simply would not have had enough lead time to obtain the

approval and/or design of the products that it was marketing. Indeed, there is significant time

required to develop a product, test it, get it approved for sale, and then develop prototypes and

samples. Notwithstanding this, upon information and belief, GeoGlobal/Peaktop USA is

purportedly offering for sale on its own behalf thirty (30) to forty (40) of the very products that

Peaktop Holdings has invested time and effort in developing. GeoGlobal/Peaktop USA could

not conceivably have developed all of those products on their own since the Agreements expired

on August 31, 2006.

40. As demonstrated by the foregoing, at a minimum, based on the limited

information defendants have, defendants have misappropriated and converted to their own use

confidential and proprietary information and products belonging to Peaktop Holdings.

Moreover, defendants have manufactured (or have caused the manufacturing) of products based on Peaktop Holdings prototypes, or samples, and have sold those products to Peaktop Holdings' own customers, thereby unfairly competing with Peaktop Holdings and tortiously interfering with its prospective economic advantage.

41. Defendants' wrongful conduct is magnified by the fact that presentations have already been made to customers for Spring 2007. Thus, defendants' wrongful conduct is having and will have the effect of taking Peaktop Holdings' business and destroying this customer base for Peaktop Holdings and its products.

42. As a result of defendants' wrongful conduct, plaintiff has suffered, and will continue to suffer, irreparable harm and damages.

## COUNT ONE

## MISAPPROPRIATION

43. Plaintiff repeats and realleges each of its allegations from the preceding paragraphs as if fully set forth herein.

44. Defendants, through their conduct as aforesaid, have wrongfully taken confidential and proprietary information that belongs to Peaktop Holdings and has used that information to unfairly compete with plaintiff to the sole benefit of defendants.

45. Defendants have misappropriated plaintiff's information and has used that information to develop a relationship between defendants and plaintiff's clients in the United States.

46. As a result of defendants' conduct, plaintiff has suffered harm.

WHEREFORE, plaintiff demands judgment against defendants GeoGlobal, Jeffrey Robbins, Mark Wilson, Gregory Schutte, Peaktop USA and Best Eagle, their successors, assigns, subsidiaries and affiliates, as follows:

(a)    Enjoining defendants from using any confidential or proprietary information belonging to Peaktop;

(b)    Enjoining defendants from accepting orders for Peaktop;

(c)    Enjoining defendants from selling and/or distributing any products based on Peaktop samples, technical drawings and specifications and/or prototypes;

(d)    Requiring defendants to return to Peaktop all catalogs, prototypes, samples, blueprints, technical drawings and specifications of Peaktop products or product lines;

(e)    Requiring defendants to produce an accounting of all sums they have received from sale of products to Peaktop's customers;

(f)    Requiring defendants to provide all accounting records, tax returns and auditor's reports of Peaktop USA for the years 2003 through 2006;

(g)    Requiring the performance of an accounting for Peaktop USA;

(h)    Imposing a constructive trust on all sums defendants have received from the sale of products to Peaktop customers;

(i)    Removing defendants Robbins and Wilson from Peaktop USA's board of directors;

(j)    Requiring defendants Robbins and Schutte to withdraw from Peaktop Technologies Hong Kong's board of directors;

(k)    Dissolution of Peaktop USA;

(l)    Compensatory damages;

#2802917                                    12

(m)     Punitive damages;

(n)     Attorneys fees and costs;

(o)     Such other further and additional relief as the Court may determine to be

appropriate.

## COUNT TWO

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

47.  Plaintiff repeats and realleges each of the allegations contained in the

preceding paragraphs as if fully set forth herein.

48.  There is implied in every contract of the State of New Jersey a duty of good

faith and fair dealing.

49.  Defendants breached the implied covenant of good faith and fair dealing by

engaging in the actions described above.

50.  As a direct and proximate result of such breach, plaintiff has suffered harm.

WHEREFORE, plaintiff demands judgment against defendants GeoGlobal,

Jeffrey Robbins, Mark Wilson, Gregory Schutte, Peaktop USA and Best Eagle, their successors,

assigns, subsidiaries and affiliates, as follows:

(a)     Enjoining defendants from using any confidential or proprietary

information belonging to Peaktop;

(b)     Enjoining defendants from accepting orders for Peaktop;

(c)     Enjoining defendants from selling and/or distributing any products based

on Peaktop samples, technical drawings and specifications and/or prototypes;

(d)     Requiring defendants to return to Peaktop all catalogs, prototypes,

samples, blueprints, technical drawings and specifications of Peaktop products or product lines;

    (e)    Requiring defendants to produce an accounting of all sums they have received from sale of products to Peaktop's customers;

    (f)    Requiring defendants to provide all accounting records, tax returns and auditor's reports of Peaktop USA for the years 2003 through 2006;

    (g)    Requiring the performance of an accounting for Peaktop USA;

    (h)    Imposing a constructive trust on all sums defendants have received from the sale of products to Peaktop customers;

    (i)    Removing defendants Robbins and Wilson from Peaktop USA's board of directors;

    (j)    Requiring defendants Robbins and Schutte to withdraw from Peaktop Technologies Hong Kong's board of directors;

    (k)    Dissolution of Peaktop USA;

    (*l*)    Compensatory damages;

    (m)    Punitive damages;

    (n)    Attorneys fees and costs;

    (*o*)    Such other further and additional relief as the Court may determine to be appropriate.

## COUNT THREE

## CONVERSION

51. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs as if fully set forth herein.

52. Peaktop Holdings is the owner of its proprietary information, including, but not limited to its samples, catalogs and prototypes.

53. By exercising dominion and control over Peaktop Holdings' proprietary information, to the exclusion of Peaktop Holdings, defendants unlawfully converted such information.

54. As a direct and proximate result of the foregoing, plaintiff has suffered damages.

WHEREFORE, plaintiff demands judgment against defendants GeoGlobal, Jeffrey Robbins, Mark Wilson, Gregory Schutte, Peaktop USA and Best Eagle, their successors, assigns, subsidiaries and affiliates, as follows:

(a)    Enjoining defendants from using any confidential or proprietary information belonging to Peaktop;

(b)    Enjoining defendants from accepting orders for Peaktop;

(c)    Enjoining defendants from selling and/or distributing any products based on Peaktop samples, technical drawings and specifications and/or prototypes;

(d)    Requiring defendants to return to Peaktop all catalogs, prototypes, samples, blueprints, technical drawings and specifications of Peaktop products or product lines;

(e)    Requiring defendants to produce an accounting of all sums they have received from sale of products to Peaktop's customers;

(f)    Requiring defendants to provide all accounting records, tax returns and auditor's reports of Peaktop USA for the years 2003 through 2006;

(g)    Requiring the performance of an accounting for Peaktop USA;

(h)    Imposing a constructive trust on all sums defendants have received from the sale of products to Peaktop customers;

#2802917                                    15

(i)    Removing defendants Robbins and Wilson from Peaktop USA's board of directors;

(j)    Requiring defendants Robbins and Schutte to withdraw from Peaktop Technologies Hong Kong's board of directors;

(k)    Dissolution of Peaktop USA;

(l)    Compensatory damages;

(m)    Punitive damages;

(n)    Attorneys fees and costs;

(o)    Such other further and additional relief as the Court may determine to be appropriate.

## COUNT FOUR

## UNFAIR COMPETITION

55.  Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs as if fully set forth herein.

56.  By providing Peaktop Holdings' proprietary information to third party contractors as aforesaid, creating copies and/or duplicates of Peaktop Holdings' product, and selling such products to Peaktop Holdings' customers in the United States, Canada and Mexico, for the sole benefit of defendants, defendants have engaged in unfair competition.

57.  As a direct and proximate result of the foregoing, plaintiff has suffered damages.

WHEREFORE, plaintiff demands judgment against defendants GeoGlobal, Jeffrey Robbins, Mark Wilson, Gregory Schutte, Peaktop USA and Best Eagle, their successors, assigns, subsidiaries and affiliates, as follows:

(a)     Enjoining defendants from using any confidential or proprietary information belonging to Peaktop;

(b)     Enjoining defendants from accepting orders for Peaktop;

(c)     Enjoining defendants from selling and/or distributing any products based on Peaktop samples, technical drawings and specifications and/or prototypes;

(d)     Requiring defendants to return to Peaktop all catalogs, prototypes, samples, blueprints, technical designs and specifications of Peaktop products or product lines;

(e)     Requiring defendants to produce an accounting of all sums they have received from sale of products to Peaktop's customers;

(f)     Requiring defendants to provide all accounting records, tax returns and auditor's reports of Peaktop USA for the years 2003 through 2006;

(g)     Requiring the performance of an accounting for Peaktop USA;

(h)     Imposing a constructive trust on all sums defendants have received from the sale of products to Peaktop customers;

(i)     Removing defendants Robbins and Wilson from Peaktop USA's board of directors;

(j)     Requiring defendants Robbins and Schutte to withdraw from Peaktop Technologies Hong Kong's board of directors;

(k)     Dissolution of Peaktop USA;

(l)     Compensatory damages;

(m)     Punitive damages;

(n)     Attorneys fees and costs;

(*o*)    Such other further and additional relief as the Court may determine to be

appropriate.

## COUNT FIVE

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

58.  Plaintiff repeats and realleges each of the allegations from the preceding

paragraphs as if fully set forth herein.

59.  By misappropriating Peaktop Holdings' proprietary information and

wrongfully using that information to unfairly compete with Peaktop as aforesaid, defendants

have wrongfully and unlawfully interfered with plaintiff's ability to sell products in the United

States.

60.  As a direct and proximate result of the foregoing, defendants have caused

harm to plaintiff.

WHEREFORE, plaintiff demands judgment against defendants GeoGlobal,

Jeffrey Robbins, Mark Wilson, Gregory Schutte, Peaktop USA and Best Eagle, their successors,

assigns, subsidiaries and affiliates, as follows:

(a)    Enjoining defendants from using any confidential or proprietary

information belonging to Peaktop;

(b)    Enjoining defendants from accepting orders for Peaktop;

(c)    Enjoining defendants from selling and/or distributing any products based

on Peaktop samples, technical drawings and specifications and/or prototypes;

(d)    Requiring defendants to return to Peaktop all catalogs, prototypes,

samples, blueprints, technical drawings and specifications of Peaktop products or product lines;

(e)    Requiring defendants to produce an accounting of all sums they have received from sale of products to Peaktop's customers;

(f)    Requiring defendants to provide all accounting records, tax returns and auditor's reports of Peaktop USA for the years 2003 through 2006;

(g)    Requiring the performance of an accounting for Peaktop USA;

(h)    Imposing a constructive trust on all sums defendants have received from the sale of products to Peaktop customers;

(i)    Removing defendants Robbins and Wilson from Peaktop USA's board of directors;

(j)    Requiring defendants Robbins and Schutte to withdraw from Peaktop Technologies Hong Kong's board of directors;

(k)    Dissolution of Peaktop USA;

(*l*)    Compensatory damages;

(m)    Punitive damages;

(n)    Attorneys fees and costs;

(*o*)    Such other further and additional relief as the Court may determine to be appropriate.

## COUNT SIX

## BREACH OF FIDUCIARY DUTY

61.  Plaintiff repeats and realleges each of the allegations from the preceding paragraphs as if fully set forth herein.

62. As shareholders and board members of Peaktop USA and Peaktop Hong Kong, defendants Jeffrey Robbins and Mark Wilson owe a fiduciary duty of utmost loyalty to Peaktop Holdings.

63. Defendants Robbins and Wilson breached their aforesaid fiduciary duties by misappropriating confidential and proprietary information from Peaktop Holdings and wrongfully selling it for the benefit of defendants.

64. Plaintiff has suffered damages as a result of the aforesaid breach.

WHEREFORE, plaintiff demands judgment against defendants GeoGlobal, Jeffrey Robbins, Mark Wilson, Gregory Schutte, Peaktop USA and Best Eagle, their successors, assigns, subsidiaries and affiliates, as follows:

(a)    Enjoining defendants from using any confidential or proprietary information belonging to Peaktop;

(b)    Enjoining defendants from accepting orders for Peaktop;

(c)    Enjoining defendants from selling and/or distributing any products based on Peaktop samples, technical drawings and specifications and/or prototypes;

(d)    Requiring defendants to return to Peaktop all catalogs, prototypes, samples, blueprints, technical drawings and specifications of Peaktop products or product lines;

(e)    Requiring defendants to produce an accounting of all sums they have received from sale of products to Peaktop's customers;

(f)    Requiring defendants to provide all accounting records, tax returns and auditor's reports of Peaktop USA for the years 2003 through 2006;

(g)    Requiring the performance of an accounting for Peaktop USA;

    (h)    Imposing a constructive trust on all sums defendants have received from the sale of products to Peaktop customers;

    (i)    Removing defendants Robbins and Wilson from Peaktop USA's board of directors;

    (j)    Requiring defendants Robbins and Schutte to withdraw from Peaktop Technologies Hong Kong's board of directors;

    (k)    Dissolution of Peaktop USA;

    (*l*)    Compensatory damages;

    (m)    Punitive damages;

    (n)    Attorneys fees and costs;

    (*o*)    Such other further and additional relief as the Court may determine to be appropriate.

Dated:  September 25, 2006

            WILENTZ, GOLDMAN & SPITZER
            A Professional Corporation

            BY
               EDWARD T. KOLE

               and

            LAW OFFICES OF WEICHENG WANG
               Attorneys for Plaintiff
               Peaktop Investment Holdings
               (BVI) Limited

#2802917

21

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that, to the best of my knowledge, information and belief, the matter in controversy herein is not the subject of any other proceeding pending in any court or of any pending arbitration proceeding.

DATED: September 25, 2006

_____
EDWARD T. KOLE

Not for service out
of the jurisdiction



(Folio 1)

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REC
COURT OF FIRST INSTANCE
ACTION NO. 2147   OF 2006

**HCA 2147/2006**

High Court Accounts Office
HC01077270/2006GR
27/09/2006 04:08 PM
FC2          1,045.00
HCQ          1,045.00
Fees Plaintiff 1,045.00

BETWEEN

PEAKTOP INVESTMENT HOLDINGS (B.V.I.) LIMITED                1st Plaintiff

PEAKTOP TECHNOLOGIES (USA) HONG KONG LIMITED                2nd Plaintiff

and

JEFFREY THOMAS ROBBINS                1st Defendant

MARK EDWARD WILSON                2nd Defendant

GREGORY GEORGE SCHUTTE                3rd Defendant

GEOGLOBAL PARTNERS, LLC                4th Defendant

PEAKTOP TECHNOLOGIES (USA), INC.                5th Defendant

BEST EAGLE GROUP, LTD.                6th Defendant

To the 1st Defendant of 111 Corporate Drive, G/H, South Plainfield, New Jersey 07080,
United State of America.

To the 2nd Defendant of 111 Corporate Drive, G/H, South Plainfield, New Jersey 07080,
United State of America.

To the 3rd Defendant of 111 Corporate Drive, G/H, South Plainfield, New Jersey 07080,
United State of America.

To the 4th Defendant who registered office is situate at 111 Corporate Drive, G/H, South
Plainfield, New Jersey 07080, United State of America.

To the 5th Defendant who registered office is situate at 450 West 15th Street, No. 606, New
York, New York 10011.

To the 6th Defendant who registered office is situate at 111 Corporate Boulevard, G/H, South
Plainfield, New Jersey 07080, United State of America.

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiffs in
respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must
either satisfy the claim or return to the Registry of High Court the accompanying
ACKNOWLEDGMENT OF SERVICE stating therein whether you intend to contest these
proceedings.

If you fail to satisfy the claim or to return the Acknowledgment within the time stated, or if
you return the Acknowledgment without stating therein an intention to contest the proceedings, the

...iff may proceed with the action and judgment may be entered against you forthwith without ...her notice.

Issued from the Registry of the High Court this 2 7 SEP 2006 day of September 2006

Registrar

Note - This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

**IMPORTANT**

Directions for Acknowledgment of Service are given with the accompanying form.

HCA                    /2006

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ACTION NO.                OF 2006

---

BETWEEN

PEAKTOP INVESTMENT HOLDINGS (B.V.I.) LIMITED            1st Plaintiff

PEAKTOP TECHNOLOGIES (USA) HONG KONG LIMITED           2nd Plaintiff

and

JEFFREY THOMAS ROBBINS                                 1st Defendant

MARK EDWARD WILSON                                     2nd Defendant

GREGORY GEORGE SCHUTTE                                 3rd Defendant

GEOGLOBAL PARTNERS, LLC                                4th Defendant

PEAKTOP TECHNOLOGIES (USA), INC.                       5th Defendant

BEST EAGLE GROUP, LTD.                                 6th Defendant

## INDORSEMENT OF CLAIM

THE 1st PLAINTIFF AND THE 2nd PLAINTIFF CLAIM AGAINST:-

THE 1st, 2nd and 3rd DEFENDANTS FOR

(1)   A declaration that the 1st, 2nd and 3rd Defendants are liable to account to the 1st and 2nd Plaintiffs for the profits earned or received as this Honourable Court

1

thinks fit as constructive trustees on the ground of their breach of fiduciary duty/breach of trust;

(2) Further and/or in the alternative, a declaration that the 1st and 2nd Plaintiffs are entitled to trace the aforesaid profits earned or received by the 1st, 2nd and 3rd Defendants;

(3) An injunction to restrain the 1st, 2nd and 3rd Defendants and each of them by themselves their servants or agents or otherwise howsoever from using the confidential information of the 1st and 2nd Plaintiffs, including but not limited to their Garden Decoration and Water Gardening products, or any part thereof for any purpose other than the purpose for which it was supplied, and from manufacturing or placing order to manufacture or marketing the said products or otherwise exploiting the said information or any part thereof;

(4) Delivery up of all documents and materials which are in the possession, power, custody or control of either of the 1st 2nd and 3rd Defendants the use or disclosure of which would offend against the forgoing injunction;

(5) An inquiry as to damages for breach of confidence or wrongful use of confidential information, breach of fiduciary duty, breach of trust, for procuring the 4th and 5th Defendant to commit breach of contracts and/or loss and for loss and damages caused to the 2nd Plaintiff;

(6) Further and/or in the alternative, an account of all profits made by the 1st, 2nd and 3rd Defendants and each of them from the wrongful use of the said confidential information of the 1st and 2nd Plaintiffs, breach of fiduciary duties, breach of trust, for procuring the 4th and 5th Defendant to commit breach of contracts and causing loss and damage to the 2nd Plaintiff;

(7) An Order that the 1st, 2nd and 3rd Defendants do pay the 1st and 2nd Plaintiffs of such damages or profits found due upon the aforesaid inquiry or taking of

account;

THE 4th and 5th, DEFENDANTS FOR:-

(8)  A declaration that the 4th and 5th Defendants are liable to account to the 1st and

2nd Plaintiffs for such sum as this Honorable Court thinks fit as a constructive

trustee on the ground that they have been procured by the 1st, 2nd and 3rd

Defendants to provide wrongful assistance or have taken part as an instrument to

facilitate the breach of fiduciary duty/breach of trust on the part of the 1st, 2nd and

3rd Defendants or have committed breaches in their respective contracts made

with the 1st and 2nd Plaintiff or its agent or to cause the 2nd Plaintiff to suffer loss

and damage;

(9)  Further and/or in the alternative, a declaration that the 1st and 2nd Plaintiffs are

entitled to trace the aforesaid profits earned or received by the 4th and 5th

Defendants;

(10) An injunction to restrain the 4th and 5th Defendants by their directors, servants or

agents or otherwise howsoever from using the confidential information of the 1st

and 2nd Plaintiffs, including but not limited to their Garden Decoration and Water

Gardening products, or any part thereof, and from manufacturing or placing

orders to manufacture, marketing the said products or otherwise exploiting the

said information or any part thereof;

(11) Delivery up of all documents and materials which are in the possession, power,

custody or control of either of the 4th and 5th Defendants the use or disclosure of

which would offend against the forgoing injunction

(12) An inquiry of damages for breach of contract, breach of confidence or wrongful

use of confidential information, breach of trust;

3

(13) Further and/or in the alternative, an account of all profits made by the 4th and 5th Defendants and each of them for breach of confidence or wrongful use of confidential information, breach of trust and breach of contract;

(14) An Order that the 4th and 5th Defendant do pay the 1st and 2nd Plaintiffs such sum found upon the aforesaid inquiry or taking of account;

THE 6th DEFENDANT FOR

(15) A declaration that the 6th Defendant is liable to account to the 1st and 2nd Plaintiffs for such sum as this Honorable Court thinks fit as a constructive trustee on the ground that it has been procured by the 1st, 2nd and 3rd Defendants to provide wrongful assistance or has taken part as an instrument to facilitate the breach of fiduciary duty/breach of trust on the part of the 1st, 2nd and 3rd Defendants or breach of contract on the part of the 4th and 5th Defendants or to cause the 2nd Plaintiff to suffer loss and damage;

(16) Further and/or in the alternative, a declaration that the 1st and 2nd Plaintiffs are entitled to trace the aforesaid profits earned or received by the 6th Defendant;

(17) An injunction to restrain the 6th Defendant by its directors, servants or agents or otherwise howsoever from using the confidential information of the 1st and 2nd Plaintiffs, including but not limited to their Garden Decoration and Water Gardening products, or any part thereof, and from manufacturing or placing orders to manufacture, marketing the said products or otherwise exploiting the said information or any part thereof;

(18) Delivery up of all documents and materials which are in the possession, power, custody or control of either of the 6th Defendant the use or disclosure of which would offend against the forgoing injunction;

4

(19) An inquiry as to damages;

(20) Further and/or in the alternative, an account of all profits made by the 6th Defendant from the use of the said confidential information of the 1st and 2nd Plaintiffs;

(21) An Order that the 6th Defendant pays the 1st and 2nd Plaintiffs damages found due upon the aforesaid inquiry or taking of account.

AND ALL DEFENDANTS FOR

(22) An injunction to restrain the Defendants and each of them by themselves their servants or agents or otherwise howsoever from holding themselves or any of them to be a representative, servant or agent of the 1st and 2nd Plaintiffs or to provide any services or sales as a representative, servant or agent of the 1st and 2nd Plaintiffs;

(23) Further and/or in the alternative, an Order for the appointment of a receiver to collect and receive all the profits made by the Defendants and each of them from the use of the confidential information of the 1st and 2nd Plaintiffs, breach of fiduciary duty/breach of trust, breach of contract and an Order for the giving of all proper directions for that purpose;

(24) Interest;

(25) Costs;

(26) Further and/or other relief.

Dated this 27 day of September, 2006.

Hastings & Co.

Solicitors for the Plaintiffs

HCA         / 2006

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
ACTION NO.         OF 2006

BETWEEN

| | |
|---|---|
| EAKTOP INVESTMENT HOLDINGS (B.V.I.) LIMITED | 1st Plaintiff |
| PEAKTOP TECHNOLOGIES (USA) HONG KONG LIMITED | 2nd Plaintiff |

and

| | |
|---|---|
| JEFFREY THOMAS ROBBINS | 1st Defendant |
| MARK EDWARD WILSON | 2nd Defendant |
| GREGORY GEORGE SCHUTTE | 3rd Defendant |
| GEOGLOBAL PARTNERS, LLC | 4th Defendant |
| PEAKTOP TECHNOLOGIES (USA), INC. | 5th Defendant |
| BEST EAGLE GROUP, LTD. | 6th Defendant |

## ACKNOWLEDGMENT OF SERVICE OF WRIT OF SUMMONS

If you intend to instruct a Solicitor to act for you, give him this form IMMEDIATELY.

Important.      Read the accompanying directions and notes for guidance carefully before completing this form.

If any information required is omitted or given wrongly, **THIS FORM MAY HAVE TO BE RETURNED.**

Delay may result in judgment being entered against a Defendant whereby he or his Solicitor may have to pay the costs of applying to set it aside.

---

1. State the full name of the Defendant by whom or on whose behalf the service of the Writ is being acknowledged.

See Notes 1, 3, 4 and 5

---

2. State whether the Defendant intends to contest the proceedings (*tick appropriate box*)

☐  yes                    ☐  no

---

3. If the claim against the Defendant is for a debt or liquidated demand, AND he does not intend to contest the proceedings, state if the Defendant intends to apply for a stay of execution against any judgment entered by the Plaintiff (*tick box*)

See Direction 3

☐

Service of the Writ is acknowledged accordingly.

Where words appear between square brackets, delete if inapplicable*

(signed)[Solicitors] (                              )

[Defendant in person]

Address for service:

Notes as to Address for Service
Solicitors Where the Defendant is represented by a Solicitor, state the Solicitor's place of business in Hong Kong.
Defendant in person. Where the Defendant is acting in person, he must give his residence OR, if he does not reside in Hong Kong, he must give an address in Hong Kong where communication for him should be sent. In the case of a limited company, "residence" means its registered or principal office.
Messrs. Hastings & Co.,
Solicitors,
5th Floor, Gloucester Tower, The Landmark,
11 Pedder Street, Central, Hong Kong. Ref: YCT/P-28/JOH/2006(24721.71924)WAH/JOH

(Where the Plaintiffs' claim is for the debt or liquidated demand only.  If, within the time for returning the Acknowledgment of Service, the Defendants pay the amount claimed and HK$                for costs and, if the Plaintiffs obtains and order for substituted service, the additional sum of HK$                , further proceedings will be stayed.  The money must be paid to the Plaintiffs or their Solicitor).

THIS WRIT  was issued by **HASTINGS & COMPANY** of 5th Floor, Gloucester Tower, The Landmark, 11 Pedder Street, Central, Hong Kong, Solicitors for the said Plaintiffs whose addresses are P.O. Box 3340, Road Town, Tortola, British Virgin Islands and Unit 1603-1605, 16th Floor, Tower III, Enterprise Square, 9 Sheung Yuet Road, Kowloon Bay, Kowloon, Hong Kong.

HCA 2147 /2c

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE
REGION COURT OF FIRST INSTANCE
ACTION NO. 2147 OF 2006

---

BETWEEN

PEAKTOP INVESTMENT
HOLDINGS (B.V.I.) LIMITED                    1st Plaintiff

PEAKTOP TECHNOLOGIES (USA)
HONG KONG LIMITED                            2nd Plaintiff

and

JEFFREY THOMAS ROBBINS                       1st Defendant

MARK EDWARD WILSON                           2nd Defendant

GREGORY GEORGE SCHUTTE                        3rd Defendant

GEOGLOBAL PARTNERS, LLC                       4th Defendant

PEAKTOP TECHNOLOGIES (USA), INC.             5th Defendant

BEST EAGLE GROUP, LTD.                        6th Defendant

*****************************************************

# WRIT OF SUMMONS

*****************************************************

Issued on     2 7 SEP 2006

4:00 pm

Messrs. Hastings & Co.
Solicitors for the Plaintiffs,
5/F, Gloucester Tower,
The Landmark,
11 Pedder Street, Central,
Hong Kong.

Tel : 2523-9161
Fax : 2845-9266

Ref : YCT/P-28/JOH/2006(24271.71924)WAH/JOH