UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
IN RE PEAKTOP TECHNOLOGIES (USA),     :
INC. SHAREHOLDER DERIVATIVE           :
LITIGATION,                           :       06 Civ. 8228 (JSR)
                                      :
            Plaintiff,                :       MEMORANDUM ORDER
                                      :
            -v-                       :
                                      :
PEAKTOP INTERNATIONAL HOLDINGS        :
LIMITED, et al.,                      :
                                      :
            Defendants.               :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

       By motion dated November 20, 2006 pursuant to Fed. R. Civ. P.

12(b)(6), defendants moved to dismiss plaintiff's Complaint, dated

October 9, 2006, on the grounds that this action is duplicative of an

earlier-filed action in the United States District Court for the

District of New Jersey and that this Court lacks subject matter

jurisdiction.  By Order dated December 14, 2006, the Court stayed

this action pending further action by the Court.  The Court now

denies defendants' motion to dismiss but continues to hold the action

in abeyance.

       By way of background, this is a derivative action pursuant to

Fed. R. Civ. P. 23.1.  The shareholder that is the actual plaintiff

here is GeoGlobal Partners, LLC ("GeoGlobal"), the majority

shareholder in the primary defendant, Peaktop Technologies (USA),

Inc. ("PTTUSA").[1]  Verified Shareholder Derivative Complaint dated

_____

       [1] The caption on plaintiff's Complaint lists the plaintiff
as "In re Peaktop Technologies (USA), Inc. Shareholder Derivative
Litigation."  This caption violates Rule 23.1 of the Federal
Rules of Civil Procedure, which states that the complaint in a

October 9, 2006 ("Complaint"), ¶¶ 5, 12-13, 42.  GeoGlobal is a New Jersey limited liability company with its principal place of business in New Jersey.  Id. ¶ 12.  PTTUSA is a corporation organized under the laws of New York.  Id. ¶ 13.  Co-defendant Peaktop International Holdings Limited ("PT Holdings") is a Bermuda corporation and, along with its wholly owned subsidiary Peaktop Investment Holdings (B.V.I.) Limited ("PT BVI") and other subsidiaries and subcontractors (collectively, the "Peaktop Group"), is engaged in the design and manufacture of home and garden decorative products.  Id. ¶ 14.  Co-defendant Silk Road Group ("SRG") is a corporation organized under the laws of New Jersey.  Id. ¶ 15.  Peaktop Technologies (USA) Hong Kong Limited ("PTTHK"), which is not a party here, is a company organized under the laws of Hong Kong and is 51% owned by PT BVI and 49% owned by GeoGlobal.  Id. ¶ 23.  There are also various individual defendants in this action, all of whom are officers or directors of various Peaktop companies.  Id. ¶¶ 16-19.

According to the Complaint, PT BVI has since December 2003 been supplying gardening and water-gardening products manufactured by the Peaktop Group to PTTHK and PTTUSA for distribution in North America.  Id. ¶ 30.  On or about October 24, 2005, PTTUSA entered a "Supply and Distribution Agreement" with PTTHK and a "virtually

---

derivative action must allege as the plaintiff "a shareholder or member" of the corporation in whose interest the derivative action is brought.  Plaintiff's counsel acknowledges that the shareholder bringing this suit is GeoGlobal.  See transcript, 12/14/06, at 4-5.  Accordingly, the Court will treat GeoGlobal as the plaintiff in this action.

identical" agreement with PT BVI.  Id. ¶ 32.  These agreements provided that PTTUSA "shall be entitled . . . to promote and market" the products in North America "in such manner as it may think fit," and "shall be entitled to resell the Products to its customers at such prices as it may determine."  Id. ¶ 33 (emphasis in Complaint). By letter dated September 14, 2006, defendant Chun Kuei Lin, the Chairman and CEO of PT Holdings, informed customers of PTTUSA that "effective immediately" orders for products were to be placed directly with either PTTHK or SRG, and not with PTTUSA.  Id. ¶ 36. Plaintiff alleges that at the time Chun Kuei Lin drafted this letter, he was also a director of PTTUSA, and thus, along with others, breached his fiduciary duties to PTTUSA when he forwarded the letter to PTTUSA's customers.  Id. ¶ 40.  On behalf of PTTUSA the Complaint alleges various causes of action against other defendants for, inter alia, breaches of fiduciary duty, tortious interference, and violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) ("Lanham Act").

In a separate complaint dated September 25, 2006 filed in the United States District Court for the District of New Jersey (the "NJ Complaint"), plaintiff PT BVI (the wholly owned subsidiary of PT Holdings, a defendant in the instant action) brought suit against GeoGlobal (the plaintiff here), Jeffrey Robbins (not a party here), Mark Wilson (not a party here), Gregory Schutte (not a party here), PTTUSA (the defendant here), and Best Eagle Group, Ltd. (not a party here).  Declaration of James E. Tonrey, Jr. dated November 20, 2006,

Ex. A (NJ Complaint).  The NJ Complaint alleges that after PT BVI and
PTTUSA signed the Supply and Distribution Agreement referenced above
on October 24, 2005, PT BVI learned that GeoGlobal and/or PTTUSA was
misappropriating PT BVI's designs, samples, prototypes, and customer
base.  NJ Complaint ¶ 31.  The NJ Complaint further alleges that
PTTUSA and/or GeoGlobal held themselves out as marketing agents for
PT BVI's customers and took orders as such; but instead of having
those orders filled by PT BVI, GeoGlobal and PTTUSA had the products
manufactured by third parties.  Id. ¶ 36.  In effect, this scheme cut
PT BVI and the other Peaktop entities out of the process and allowed
GeoGlobal and PTTUSA to retain all the profits for themselves.  Id.
Accordingly, the NJ Complaint alleges causes of action for
misappropriation, breach of the implied covenant of good faith and
fair dealing, conversion, unfair competition, tortious interference,
and breaches of fiduciary duty.

The Court turns first to defendants' motion to dismiss
plaintiff's Complaint on the ground that plaintiff's claims are
compulsory counterclaims that must be raised in the first-filed New
Jersey action.

Rule 13(a) of the Federal Rules of Civil Procedure provides
that "[a] pleading shall state as a counterclaim any claim which at
the time of serving the pleading the pleader has against any opposing
party, if it arises out of the transaction or occurrence that is the
subject matter of the opposing party's claim and does not require for
its adjudication the presence of third parties of whom the court

4

cannot acquire jurisdiction." Under this rule, "[t]he test for determining whether a counterclaim is compulsory is whether a logical relationship exists between the claim and the counterclaim and whether the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991) (internal quotation marks omitted).

Defendants argue that the claims in this action are compulsory counterclaims in the earlier-filed New Jersey action and therefore should be dismissed. Plaintiff opposes defendants' motion on three grounds.

First, plaintiff argues that "none of the entities or individuals that have been named as Defendants in the instant action are even named as parties in the DNJ Action." Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl. Opp'n Mem.") at 11. But the fact that the parties in the two lawsuits are not identical does not alone sufficiently distinguish the two actions because the instant action and the New Jersey action may be considered duplicative as long as the parties involved in the two suits "represent the same interests." The Haytian Republic, 154 U.S. 118, 124 (1894); see, e.g., Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 664 (S.D.N.Y. 1997) ("if the parties 'represent the same interests' the court may determine the second action to be duplicative") (quoting The Haytian Republic, 154 U.S. at 124).

Second, plaintiff contends that the parties involved in the two actions do not represent the same interests. That argument, however, does not withstand scrutiny. The interests of GeoGlobal and PTTUSA (derivatively) are represented on the plaintiff's side in the instant action and on the defendants' side in the New Jersey action. PTTUSA is also represented as a defendant in the instant action. Further, the interests of the main corporate defendant in the instant case, PT Holdings, are effectively represented by the plaintiff in the New Jersey action, PT BVI, given that, as the Complaint here alleges, PT BVI is a wholly owned subsidiary of PT Holdings, Complaint ¶ 14. (The Complaint further alleges that the "Supply and Distribution Agreement" which, in part, creates plaintiff's rights in this case was between PTTUSA and PT BVI, not PT Holdings, Complaint ¶ 32.) Accordingly, plaintiff's claim that the parties in the two actions do not represent the same interests must be rejected.

Third, plaintiff argues that the claims in the present action do not arise out of the same transaction or occurrence that is the subject of the New Jersey action, and thus the claims in the instant case need not be brought as compulsory counterclaims there under Rule 13(a). Plaintiff argues that "[t]he causes of action raised in this case do not logically relate to those raised in the DNJ action" because the claims here "involve[] the September 14, 2006 letter prepared and sent by the Defendants to PTTUSA's customers" and "the District of New Jersey action does not deal with the letter at all." Pl. Opp'n Mem. at 12. Although plaintiff is correct that the NJ

Complaint does not mention this letter, plaintiff's argument still
has no merit.  The letter at issue in this case was allegedly sent by
the CEO of PT Holdings to PTTUSA's customers, and the letter conveyed
the message, <u>inter alia</u>, that PTTUSA would no longer represent PT
Holdings in the North American market.  Complaint ¶ 36.  Although the
Complaint in this action does not expressly state why PT Holdings
sent the letter, the NJ Complaint alleges that PTTUSA was using a
third-party manufacturer to fill customer orders independent from PT
Holdings' wholly-owned subsidiary, PT BVI, in violation of the
agreement between PTTUSA and PT BVI.  NJ Complaint ¶ 36.  On these
pleadings, it is plain that these cases are mirror images of each
other -- PT BVI's claim in the New Jersey action that PTTUSA and
GeoGlobal engaged in misconduct is defendants' defense here -- and
thus involve the same nucleus of facts.

Defendants are wrong, however, in asserting that the remedy
for all this is dismissal.  Rather, "once a court becomes aware that
an action on its docket involves a claim that should be a compulsory
counterclaim in another pending federal suit, it will stay its own
proceeding."  <u>Adam</u>, 950 F.2d at 92.  Because the parties in the
instant action and the New Jersey action represent the same
interests, and because the two actions arise out of the same
transaction or occurrence, the instant action must be stayed pursuant
to that rule, rather than dismissed as defendants request.[2]

---

[2] Defendants argue that dismissal is also required under New
Jersey's "entire controversy" doctrine, which "requires that a
plaintiff present in one suit all claims arising out of a single

It remains only to add that, even if the claims in this case were not compulsory counterclaims in the New Jersey action, a stay would still be warranted under the rule that, barring special circumstances, a first-filed action has priority. See 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 131-32 (S.D.N.Y. 1994) (when two district courts concurrently have before them actions involving the same parties and issues, there is "a strong presumption in favor of the forum of the first-filed suit"); New York v. Exxon Corp., 932 F.2d 1020, 1025 (2d Cir. 1991).

Turning to defendants' alternative argument for dismissal, defendants argue that the Court lacks subject matter jurisdiction because there is neither diversity nor federal question jurisdiction. As to diversity, it is clear that complete diversity is lacking, because the actual plaintiff, GeoGlobal, and defendants SRG and Vincent Lin are all residents of New Jersey. See Complaint ¶¶ 12, 15, 17; transcript, 12/14/06, at 5 (admitting, in effect, that GeoGlobal is the plaintiff here); Pl Opp'n Br. at 6 (admitting that if GeoGlobal is the plaintiff here, then diversity is lacking); Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp., 101 F.3d 900, 906 (2d Cir. 1996). Thus, if subject matter jurisdiction exists here, it

---

controversy." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 965 (3d Cir. 1991). But "the entire controversy doctrine only precludes successive suits involving related claims. It does not require dismissal when multiple actions involving the same or related claims are pending simultaneously." Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997). Because both the instant action and the New Jersey action are pending simultaneously, the "entire controversy" doctrine does not apply here.

must be based on the only federal claim in the Complaint:  the Lanham
Act claim.  Defendants argue that that claim must be dismissed as a
matter of law for two reasons:

First, defendants argue that the Lanham Act claim is premised
on allegedly false or misleading statements in the September 14, 2006
letter and that "one letter cannot constitute sufficient
dissemination . . . as a matter of law" to maintain the claim.
Defendants' Memorandum of Law in Further Support of Their Motion to
Dismiss ("Def. Reply Mem.") at 17.  Defendants are correct that the
Lanham Act requires that the allegedly false or misleading statements
have been "disseminated sufficiently to the relevant" market,
Gmurzynska v. Hutton, 355 F.3d 206, 210 (2d Cir. 2004); but the fact
that the allegedly false or misleading statements appeared in a
single letter is irrelevant to the question of whether that letter
was widely disseminated or not.  Read in the light most favorable to
plaintiff, the Complaint alleges that defendants' "false and
misleading claims" were widely communicated to "a substantial portion
of [PTTUSA's] current customers and target audience for its
products," Complaint ¶ 78, and this is sufficient.

Second, defendants argue that the Lanham Act claim must be
dismissed because "the September 14, 2006 letter cannot be
characterized as commercial speech as it was intended to inform its
customers of its relationship with another entity[,] not to propose a
commercial transaction."  Def. Reply Mem. at 17.  But read in the
light most favorable to plaintiff, the letter plainly proposes a

commercial transaction, as it instructs potential PTTUSA customers to place orders with defendants rather than with plaintiff.  Complaint ¶ 77.  Accordingly, the Court hereby denies defendants' motion to dismiss for lack of subject matter jurisdiction.

For the foregoing reasons, the Court denies defendants' motion to dismiss but, for essentially the reasons stated in defendants' compulsory counterclaim argument, the Court hereby stays this action in all respects pending resolution of the New Jersey litigation or pending further order of this Court.  The Clerk of the Court is directed to place this case on the Court's Suspense Calendar and to close document 4.  The parties are hereby directed to send to Chambers every six months, beginning September 5, 2007, a joint letter detailing the status of the New Jersey litigation.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        March 5, 2007

10